# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| LOS ANGELES DODGERS LLC | ) | Case No. 11- 12010  (____) |
| Debtor. | ) | (Joint Administration Pending) |
| In re: | ) | Chapter 11 |
| LOS ANGELES DODGERS HOLDING COMPANY LLC | ) | Case No. 11- 12011  (____) |
| Debtor. | ) | (Joint Administration Pending) |
| In re: | ) | Chapter 11 |
| LA HOLDCO LLC | ) | Case No. 11- 12012  (____) |
| Debtor. | ) | (Joint Administration Pending) |
| In re: | ) | Chapter 11 |
| LA REAL ESTATE HOLDING COMPANY LLC | ) | Case No. 11- 12013  (____) |
| Debtor. | ) | (Joint Administration Pending) |
| In re: | ) | Chapter 11 |
| LA REAL ESTATE LLC | ) | Case No. 11- 12014  (____) |
| Debtor. | ) | (Joint Administration Pending) |

# DEBTORS' MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

Los Angeles Dodgers LLC and its affiliated debtors and debtors-in-possession in the above-captioned cases (each a "Debtor," and collectively, the "Debtors"),[1] by and through their proposed undersigned counsel, hereby move this Court for entry of an order substantially in the form attached hereto as Exhibit A (the "Order") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), directing joint administration of the Debtors' related chapter 11 cases (the "Chapter 11 Cases"), and granting them such other and further relief as the Court deems just and proper. In support of this motion (the "Motion"), the Debtors rely upon the *Declaration of Jeffrey J. Ingram in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed contemporaneously herewith and incorporated herein by reference, and respectfully state as follows:

## JURISDICTION

1.  This Court has jurisdiction to hear this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification number, are: Los Angeles Dodgers LLC (3133), Los Angeles Dodgers Holding Company LLC (4851), LA Holdco LLC (2567), LA Real Estate Holding Company LLC (4850), and LA Real Estate LLC (3029). The mailing address for Los Angeles Dodgers LLC is 1000 Elysian Park Avenue, Los Angeles, CA 90012.

2. The statutory and legal predicates for the relief requested herein are section 105(a) of Bankruptcy Code, along with Rule 1015 of the Bankruptcy Rules and Rule 1015-1 of the Local Rules.

## BACKGROUND

3. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in these cases.

5. Information regarding the Debtors' history and business operations, their capital structure and primary secured indebtedness, and the events leading up to the commencement of these Chapter 11 Cases can be found in the First Day Declaration.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing the joint administration and consolidation of their Chapter 11 Cases for procedural purposes only.

## BASIS FOR RELIEF

7. Rule 1015(b) of the Bankruptcy Rules provides, in relevant part, that:

> [i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See* FED. R. BANKR. P. 1015

advisory committee note; *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982).

8. The Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code. Among other things, joint administration obviates the need for duplicative notices, motions, applications and orders, thereby saving considerable time and expense for the Debtors and their estates. Granting the requested relief will promote the fair and efficient administration of the Chapter 11 Cases.

9. Section 105 of the Bankruptcy Code also provides this Court with the power to order joint administration of the Chapter 11 Cases. Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

10. In addition, Local Rule 1015-1 provides:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize this Court to grant the requested relief.

11. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 Cases may affect more than one of the Debtors. The failure to jointly administer these cases would result in numerous duplicative

pleadings filed for each issue to be served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful. Joint administration will therefore ease the administrative burden on the Court and all parties-in-interest, and will reduce fees and costs by avoiding the filing of duplicative documents and notices in each of the Debtors' separate cases. Joint administration permits the Clerk of the Court to use a single general docket for all of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties-in-interest. Doing so also protects creditors' rights by ensuring that parties-in-interest in each chapter 11 case will be apprised of the various matters before the Court in each of the other related cases.

12. Finally, joint administration of the Chapter 11 Cases will not adversely affect the Debtors' respective creditors because this Motion requests only administrative, and not substantive, consolidation of the Debtors' estates. Thus, individual creditors' rights will not be harmed by the relief requested; rather, constituents will benefit from the cost reductions joint administration will achieve. It also relieves the Court of the burden of entering duplicative orders and maintaining duplicative files, and will simplify the Office of the United States Trustee's (the "U.S. Trustee") supervision and administrative duties relating to these Chapter 11 Cases. In sum, joint administration, for procedural purposes only, will best serve the interests of the Debtors, their creditors, and other parties-in-interest.

13. For all the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Chapter 11 Cases. Specifically, the Debtors request that all parties in all pleadings in the jointly administered cases use the following official caption:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| LOS ANGELES DODGERS LLC, et al.,[1] | ) Case No. 11-_____ (___) |
| Debtors. | ) Jointly Administered |

---

FN 1: The Debtors, together with the last four digits of each Debtor's federal tax identification number are: Los Angeles Dodgers LLC (3133); Los Angeles Dodgers Holding Company LLC (4851); LA Holdco LLC (2567); LA Real Estate Holding Company LLC (4850); and LA Real Estate LLC (3029). The location of the Debtors' corporate headquarters and the service address for the Debtors is: 1000 Elysian Park Avenue, Los Angeles, California 90012.

14. The Debtors further request that the Clerk of the Court enter a docket entry in each of the above-captioned cases, other than the chapter 11 case of Los Angeles Dodgers LLC, substantially as follows:

> "An Order has been entered in this case under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Los Angeles Dodgers LLC, Los Angeles Dodgers Holding Company LLC, LA Holdco LLC, LA Real Estate Holding Company LLC, and LA Real Estate LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the docket of Los Angeles Dodgers LLC Case No. 11-_____ (___) and such docket should be consulted for all matters affecting this chapter 11 case."

15. Finally, the Debtors seek authority to file the monthly operating reports required by the United States Trustee Operating Guidelines on a consolidated basis for all of the Debtors if the Debtors determine, after consulting with the U.S. Trustee, that consolidated reports would: (i) increase administrative economy and efficiency in these Chapter 11 Cases without prejudice to any party in interest; and (ii) accurately reflect the Debtors' business operations and financial affairs.

# NOTICE

16. Notice of this Motion has been given to (i) the United States Trustee for the District of Delaware; (ii) the Debtors' forty (40) largest unsecured creditors on a consolidated basis; (iii) counsel to Major League Baseball; (iv) counsel to the Major League Baseball Players Association; and (v) counsel to proposed postpetition secured lender. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). LAD submits that, under the circumstances, no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A granting the requested relief and such other and further relief as it deems just and proper.

| Dated: June 27, 2011<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/ Robert S. Brady<br>Robert S. Brady (No. 2847)<br>Donald J. Bowman, Jr. (No. 4383)<br>Ryan M. Bartley (No. 4985)<br>The Brandywine Building – 17th Floor<br>1000 West Street, Post Office Box 391<br>Wilmington, Delaware 19899<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>-and-<br><br>DEWEY & LEBOEUF LLP<br>Bruce Bennett<br>Sidney P. Levinson<br>(*pro hac vice applications forthcoming*)<br>333 South Grand Avenue, Suite 2600<br>Los Angeles, California 90071<br>Telephone: (213) 621-6000<br>Facsimile: (213) 621-6100<br><br>-and-<br><br>DEWEY & LEBOEUF LLP<br>Martin J. Bienenstock<br>Philip M. Abelson<br>(*pro hac vice applications forthcoming*)<br>1301 Avenue of the Americas<br>New York, New York 10019<br>Telephone: (212) 259-8000<br>Facsimile: (212) 259-6333<br><br>*Proposed Co-Counsel for LAD and LAD in Possession* |