# EXHIBIT B

## Interim Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LOS ANGELES DODGERS LLC, *et al.*,[1] | ) Case No. 11-12010 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) Ref. Docket No.: 6 |

**INTERIM ORDER (I) PROHIBITING UTILITY COMPANIES
FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES,
(II) APPROVING LOS ANGELES DODGERS LLC'S PROPOSED FORM OF
ADEQUATE ASSURANCE, (III) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS THERETO BY UTILITY COMPANIES, AND
(IV) SCHEDULING A FINAL HEARING**

Upon the motion (the "Motion")[2] of Los Angeles Dodgers LLC, a debtor and debtor in possession herein (, the "LAD"), for an order (i) prohibiting LAD's utility companies (collectively, the "Utility Companies") from altering, refusing, or discontinuing utility services to LAD, (ii) approving LAD's proposed form of adequate assurance, (iii) establishing procedures for resolving objections thereto by Utility Companies, and (iv) scheduling a final hearing (the "Final Hearing") to consider granting the relief requested in the Motion on a permanent basis, all as more fully described in the Motion; and upon the Ingram Declaration; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Motion is in the best interests of LAD, its estates, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby;

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number are: Los Angeles Dodgers LLC (3133); Los Angeles Dodgers Holding Company LLC (4851); LA Holdco LLC (2567); LA Real Estate Holding Company LLC (4850); and LA Real Estate LLC (3029). The location of the Debtors' corporate headquarters and the service address for the Debtors is: 1000 Elysian Park Avenue, Los Angeles, California 90012.

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

YCST01:11209921.4                                                                069120.1001   42

EOD 6/28/11

**ORDERED, ADJUDGED, AND DECREED, that:**

1. The Motion is granted on an interim basis.

2. LAD is authorized, but not directed, to pay on a timely basis and in accordance with its prepetition practices, all undisputed invoices for postpetition Utility Services provided by the Utility Companies; *provided, however*, that the foregoing payments may only be made in accordance with the terms of any order approving and authorizing postpetition financing and any applicable budget under such financing order.

3. LAD shall, on or before 20 days after the Commencement Date, deposit a sum of $65,700, equal to 50% of LAD's estimated average monthly cost of Utility Services (the "Adequate Assurance Deposit"), into an interest-bearing, segregated account (the "Adequate Assurance Account," and together with the Adequate Assurance Deposit, the "Proposed Adequate Assurance"), for the purpose of providing each Utility Company adequate assurance of payment of its postpetition Utility Services to LAD.

4. Pending the Final Hearing on the Motion, or further order of this Court, all Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services to, or discriminating against, LAD on account of the commencement of this chapter 11 case or any unpaid prepetition charges.

5. Nothing in this Interim Order shall prejudice or otherwise affect the rights of Utility Companies under section 366(c)(4) of the Bankruptcy Code.

6. Nothing in the Motion, the Utility Service List, or this Interim Order shall be deemed to constitute the postpetition assumption of any executory contract between LAD and any third-party.

7. Nothing in the Motion, the Utility Service List, or this Interim Order is intended or shall be deemed to constitute a finding that any entity is or is not a utility company hereunder or under section 366 of the Bankruptcy Code.

8. Within the 3 business days after the entry of this Interim Order, the Motion and this Interim Order shall be served on each Utility Company that LAD believes could be affected by the Motion and all other parties required to receive service pursuant to Rule 2002-1(b) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware. LAD's service of the Motion and the Interim Order, which includes the proposed Adequate Assurance Procedures, on the Utility Companies shall not constitute an admission or concession that such entities are "utilities" within the meaning of section 366 of the Bankruptcy Code, and LAD reserves all rights and defenses with respect thereto.

9. The requirements of Bankruptcy Rule 6004(a) are hereby waived to avoid immediate and irreparable harm to LAD.

10. Notwithstanding any applicability of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

11. The Final Hearing on the Motion shall be held on __July 20__, 2011 at __10:00__ a.m. (prevailing Eastern Time). Any objections or responses to entry of a final order approving the Motion shall be filed on or before __July 13__, 2011 at __4:00__ p.m. (prevailing Eastern Time) (the "Objection Deadline") and, at the same time, served on the following parties: (i) counsel to LAD, and (ii) the Office of the United States Trustee for the District of Delaware. If no objections are filed to the Motion and the Court's entry of the proposed Final Order prior to the Objection Deadline, the Court may enter the proposed Final Order without further notice or a hearing.

12.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Interim Order.

Dated: June **28**, 2011
       Wilmington, Delaware

_____
Kevin Gross
United States Bankruptcy Judge