## EXHIBIT A

Brady Declaration

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LOS ANGELES DODGERS LLC, *et al.*,[1] | ) | Case No. 11-12010 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

### DECLARATION OF ROBERT S. BRADY IN SUPPORT OF DEBTORS' APPLICATION FOR AN ORDER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014, AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS ATTORNEYS FOR THE DEBTORS, *NUNC PRO TUNC* TO THE COMMENCEMENT DATE

I, ROBERT S. BRADY, hereby declare that:

1.    I am a partner in the law firm of Young Conaway Stargatt & Taylor, LLP ("Young Conaway" or the "Firm"), The Brandywine Building, 17th Floor, 1000 West Street, Wilmington, Delaware 19801, and have been duly admitted to practice in the States of Delaware and New York and the District of Columbia, as well as the United States District Court for the District of Delaware.  This Declaration is submitted in support of the *Debtors' Application for an Order, Pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Attorneys for the Debtors, Nunc Pro Tunc to the Commencement Date* (the "Application").[2]

---

[1]    The Debtors, together with the last four digits of each Debtor's federal tax identification number are: Los Angeles Dodgers LLC (3133); Los Angeles Dodgers Holding Company LLC (4851); LA Holdco LLC (2567); LA Real Estate Holding Company LLC (4850); and LA Real Estate LLC (3029).  The location of the Debtors' corporate headquarters and the service address for the Debtors is:  1000 Elysian Park Avenue, Los Angeles, California 90012.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2.      Based on the conflicts and connections search conducted and described herein, to the best of my knowledge, neither I, the Firm, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors, or any other parties in interest, or their respective attorneys and accountants, or any United States Bankruptcy Judge for the District of Delaware or the United States Trustee or any person employed by the Office of the United States Trustee, except as stated below:

a.      In recent weeks, Young Conaway and certain of its partners and associates have rendered legal services to the Debtors relating to their plans to seek relief under chapter 11 of the Bankruptcy Code and the preparation of the petitions and other papers initiating these Chapter 11 Cases.

b.      The Debtors are seeking to retain, among others, Dewey & LeBoeuf LLP ("Dewey & LeBoeuf") to provide professional services in these Chapter 11 Cases. Young Conaway has in the past and currently does work with Dewey & LeBoeuf as co-counsel and Young Conaway currently represents clients that may be adverse to clients of these firms. Also, Young Conaway has in the past worked and/or currently does work with and/or against certain other professionals that have entered, or are anticipated to enter, an appearance in these proceedings.

c.      Young Conaway previously represented Bank of America, N.A. ("BofA") and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as an agent for certain lenders to non-Debtor affiliates, one of the Debtors' cash management banks, and an unsecured creditor of the Debtors. Young Conaway also discloses that Hugh Patton, the brother of James L. Patton, Jr., a partner in the Firm, is a regulatory compliance

attorney in the legal department of BofA. Although this relationship is wholly unrelated to

Young Conaway's representation of the Debtors in these Chapter 11 Cases, it is nevertheless

being disclosed out of an abundance of caution.

        d.      Young Conaway previously represented Sovereign Bank and/or

entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these

Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as a lender to

certain non-Debtor affiliates.

        e.      Young Conaway previously represented Wells Fargo Bank, N.A.

and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these

Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as an agent for

certain lenders to non-Debtor affiliates and one of the Debtors' sponsor agreement

counterparties.

        f.      Young Conaway has in the past and currently does represent U.S.

Bank, N.A. and/or entities potentially affiliated therewith in matters wholly unrelated to the

Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified

as the indenture trustee for certain notes issued by non-Debtor affiliates.

        g.      Young Conaway previously represented Highbridge Capital

Management and/or entities potentially affiliated therewith in matters wholly unrelated to the

Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified

as one of the Debtors' postpetition lenders.

        h.      Young Conaway currently represents Viacom, Inc. and/or entities

potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11

3

Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' broadcasting agreement counterparties.

      i.     Young Conaway previously represented Ticketmaster, Inc. and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' vendors and an unsecured creditor of the Debtors.

      j.     Young Conaway has in the past and currently does represent Continental Airlines, Inc. ("Continental") and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' vendors and an unsecured creditor of the Debtors. Young Conaway previously represented United Airlines, Inc. ("UAL") and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties. Continental and UAL merged with each other in 2010.

      k.     Young Conaway previously represented Deloitte & Touche LLP and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' professionals and an unsecured creditor of the Debtors.

      l.     Young Conaway currently represents Trump International Hotels Managements, LLC and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' vendors and an unsecured creditor of the Debtors.

       m.     Young Conaway previously represented Cingular Wireless and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' vendors.

       n.     Young Conaway previously represented General Electric Capital Corporation and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' service agreement counterparties.

       o.     Young Conaway currently represents Chartis Specialty Insurance Company and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' insurance providers.

       p.     Young Conaway previously represented Empire Blue Cross and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' insurance providers.

       q.     Young Conaway has in the past and currently does represent Lexington Insurance Company and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' insurance providers.

       r.     Young Conaway previously represented Metropolitan Life Insurance Company and/or entities potentially affiliated therewith in matters wholly unrelated to

                                                                

the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been
identified as one of the Debtors' insurance providers.

        s.      Young Conaway has in the past and currently does represent
National Union Fire Insurance Company of Pittsburgh, PA and/or entities potentially affiliated
therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or
potential affiliates thereof, has been identified as one of the Debtors' insurance providers.

        t.      Young Conaway previously represented the Insurance Company of
the State of Pennsylvania and/or entities potentially affiliated therewith in matters wholly
unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof,
has been identified as one of the Debtors' insurance providers.

        u.      Young Conaway previously represented Latham & Watkins LLP
("L&W") and/or entities potentially affiliated therewith in matters wholly unrelated to the
Debtors or these Chapter 11 Cases. Additionally, Young Conaway currently and in the past has
worked on matters where L&W has served as co-counsel with Young Conaway or opposing
counsel. This entity, or potential affiliates thereof, has been identified as one of the Debtors'
professionals.

        v.      Young Conaway previously represented Sullivan & Cromwell
("S&C") and/or entities potentially affiliated therewith in matters wholly unrelated to the
Debtors or these Chapter 11 Cases. Additionally, Young Conaway currently and in the past has
worked on matters where S&C has served as co-counsel with Young Conaway or opposing
counsel. This entity, or potential affiliates thereof, has been identified as a professional for a
non-Debtor affiliate.

6

w.    Young Conaway has in the past and currently does represent ConocoPhillips Company and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

x.    Young Conaway previously represented General Motors Corporation and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

y.    Young Conaway previously represented Kellogg Company and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

z.    Young Conaway previously represented St. Paul Mercury Insurance and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

aa.    Young Conaway has in the past and currently does represent Pizza Hut Inc. and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases. This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

bb.    Young Conaway previously represented Time Warner Cable Inc. and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these

7

Chapter 11 Cases.  This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

cc.     Young Conaway previously represented Topps Chewing Gum, Inc. and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases.  This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

dd.     Young Conaway previously represented Universal Studios, Inc. and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases.  This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

ee.     Young Conaway previously represented Sharp Corporation and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases.  This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

ff.     Young Conaway previously represented United Airlines, Inc. and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases.  This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

gg.     Young Conaway previously Tenneco Oil Company and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases.  This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

YCST01:11222028.5 070451.1001

hh.    Young Conaway previously John Hancock Insurance Company and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases.  This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

ii.    Young Conaway has in the past and currently does represent Cellco Partnership d/b/a Verizon Wireless and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases.  This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

jj.    Young Conaway currently represents FIA Card Services, N.A. Company and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases.  This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

kk.    Young Conaway has in the past and currently does represent Coca Cola Enterprises, Inc. and/or entities potentially affiliated therewith in matters wholly unrelated to the Debtors or these Chapter 11 Cases.  This entity, or potential affiliates thereof, has been identified as one of the Debtors' sponsor agreement counterparties.

3.    Young Conaway is continuing to review the consolidated list of the Debtors' creditors filed on the Commencement Date.  Based upon its review as of the date hereof, Young Conaway has determined that it does not represent any party in these proceedings with a material adverse interest with respect to the Debtors.  Young Conaway will supplement this Declaration, as necessary, with additional information or disclosures in the event that additional information is developed.

YCST01:11222028.5                                                                 070451.1001

4.    Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel, and associates:

a.    are not creditors, equity security holders, or insiders of the Debtors;

b.    are not and were not, within two (2) years before the Commencement Date, directors, officers, or employees of the Debtors; and

c.    do not have an interest materially adverse to the interests of the Debtors' estates or of any class of the Debtors' creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, any of the Debtors, or for any other reason.

5.    Young Conaway was retained by the Debtors pursuant to an engagement agreement dated as of June 23, 2011 (the "Engagement Agreement"). Young Conaway received an initial retainer in the amount of $32,000.00 (the "Retainer") on June 24, 2011. The Retainer was provided in connection with the planning and preparation of initial documents and the anticipated filing fees for these Chapter 11 Cases. The entirety of the Retainer (but excluding amounts needed to pay chapter 11 filing fees) was applied to the fees and expenses owed to Young Conaway prior to the commencement of these Chapter 11 Cases, and any fees and expenses owed to Young Conaway as of the Commencement Date that were in excess of the applicable Retainer amount have been waived.[3]

6.    Young Conaway intends to seek Court approval of its compensation and reimbursement of its actual, necessary expenses and other charges incurred by the Firm in connection with these Chapter 11 Cases upon the filing of appropriate applications for interim and final compensation and reimbursement pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The principal attorneys and paralegal presently designated to represent the Debtors and their current standard hourly rates are:

---

[3]    Young Conaway's statement pursuant to Bankruptcy Rule 2016 is attached to the Application as Exhibit B.

YCST01:11222028.5                                                                          070451.1001

- Robert S. Brady, Partner                    $675.00
- Pauline K. Morgan, Partner               $675.00
- Donald J. Bowman, Jr., Associate      $365.00
- Ryan M. Bartley, Associate               $300.00
- Ian J. Bambrick, Associate               $265.00
- Michael Girello, Paralegal                 $225.00

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other

conditions.  Other attorneys and paralegals may from time to time serve the Debtors in

connection with the matters herein described.

7.    The hourly rates set forth above are the Firm's standard hourly rates for

work of this nature.  These rates are set at a level designed to fairly compensate the Firm for the

work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the

Firm's policy to charge its clients in all areas of practice for all other expenses incurred in

connection with a client's case.  The expenses charged to clients include, among other things,

telephone and telecopier toll and other charges, mail and express mail charges, special or hand

delivery charges, document processing, photocopying charges, charges for mailing supplies

(including, without limitation, envelopes and labels) provided by the Firm to outside copying

services for use in mass mailings, travel expenses, expenses for "working meals," computerized

research, transcription costs, as well as non-ordinary overhead expenses approved by the client,

such as secretarial and other overtime.  The Firm will charge the Debtors for these expenses in a

manner and at rates consistent with charges made generally to the Firm's other clients.  The Firm

believes that it is fairer to charge these expenses to the clients incurring them than to increase the

hourly rates and spread the expenses among all clients.

8.    No promises have been received by the Firm nor by any partner, counsel,

or associate thereof as to compensation in connection with these Chapter 11 Cases other than in

accordance with the provisions of the Bankruptcy Code.  The Firm has no agreement with any

11

other entity to share with such entity any compensation received by the Firm in connection with these proceedings.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: Wilmington, Delaware
         July 1, 2011

                        _____ /s/ Robert S. Brady _____
                        Robert S. Brady