## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| LOS ANGELES DODGERS LLC, *et al.,*[1] | ) Case No. 11-12010 (KG) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Ref. Docket No. 9 |

## LIMITED OBJECTION OF MAJOR LEAGUE BASEBALL TO DEBTOR LOS ANGELES DODGERS LLC'S MOTION FOR (I) AUTHORITY TO PAY PREPETITION (a) WAGES, COMPENSATION, PAYROLL TAXES, AND EMPLOYEE BENEFITS, (b) BUSINESS EXPENSES, AND (c) CONTRIBUTIONS TO, AND UNDER, EMPLOYEE BENEFIT PLANS, (II) AUTHORITY TO PAY PREPETITION BENEFITS PROVIDERS, AND (III) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS

The Office of the Commissioner of Baseball, doing business as Major League

Baseball ("Major League Baseball"), hereby submits this limited objection (the "Limited

Objection") to Debtor Los Angeles Dodgers LLC's ("LAD") Motion for (I) Authority to Pay

Prepetition (a) Wages, Compensation, Payroll Taxes, and Employee Benefits, (b) Business

Expenses, and (c) Contributions to, and under, Employee Benefit Plans, (II) Authority to Pay

Prepetition Benefits Providers, and (III) Authorizing Financial Institutions to Honor And Process

Checks and Transfers Related to Such Obligations [Docket No. 9].[2] In support of the Limited

Objection, Major League Baseball respectfully states:

---

[1]     The debtors (the "Debtors"), together with the last four digits of each of the Debtors' federal tax identification number, collectively are: Los Angeles Dodgers LLC (3133); Los Angeles Dodgers Holding Company LLC (4851); LA Holdco LLC (2567); LA Real Estate Holding Company LLC (4850); and LA Real Estate LLC (3029). The location of the Debtors' corporate headquarters and the service address for the Debtors is 1000 Elysian Park Avenue, Los Angeles, California 90012.

[2]     By agreement among Major League Baseball and the Debtors, Major League Baseball's objection deadline was extended to July 15, 2011 at 4:00 p.m. (ET).

## PRELIMINARY STATEMENT

Major League Baseball files this Limited Objection to the Motion to the extent that LAD seeks authorization to cherry pick which terminated Employees to pay prepetition severance claims or otherwise act without valid business justification in the satisfaction of the Employee Obligations authorized for payment by the Court. Major League Baseball has a significant interest protecting the best interests of Baseball, and thus, has an interest in ensuring that its member clubs honor all obligations relating to their employees in an equitable and non-discriminatory manner. Based on qualifications to the relief sought in the Motion, and LAD's interpretation concerning the payment of obligations authorized by the Court's interim order granting the Motion, it has become apparent that LAD selectively prefers certain terminated Employees over others in a discriminatory manner.

Accordingly, Major League Baseball objects to the Motion to the extent LAD seeks authority to pay prepetition severance obligations to only certain terminated Employees, and not all terminated Employees.

## FACTS

1. On June 27, 2011 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing these Chapter 11 Cases.

2. The Debtors continue to manage their estates as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[3] The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered.

3. On July 13, 2011, the United States Trustee for the District of Delaware appointed the official committee of unsecured creditors in these Chapter 11 Cases. As of the

2

date hereof, no trustee or examiner has been appointed in these Chapter 11 Cases, and no official committee of creditors or interest holders has been appointed.

4. Major League Baseball is an unincorporated association of its 30 member clubs (the "MLB Clubs"). It is headquartered in New York City and is governed by the MLB Constitution. The economic value of each of the MLB Clubs is dependent on its membership in Major League Baseball and its use of property belonging to Major League Baseball. The Debtors in this case are a group of affiliated entities engaged in the operation of the Los Angeles Dodgers, one of the MLB Clubs.

5. On the Petition Date, the Debtors filed a number of motions (the "First Day Motions"). The Court heard each of the First Day Motions on June 28, 2011 (the "First Day Hearing"). The Motion was one of the First Day Motions filed by the Debtor.

6. The Motion requests broad authority to pay LAD's prepetition Employee Obligations. Included in the Employee Obligations are the Severance Obligations, defined as benefits pursuant to severance agreements between LAD and certain former Employees terminated prepetition. Motion ¶ 76. The Severance Obligations are distinguishable from the employee benefit plan variously referred to as the Severance Plan and the Severance Policy in the Motion. See id. at ¶¶ 75-76 (defining and describing Severance Policy under which no fixed prepetition liabilities are owed); ¶ 104 (seeking authorization to maintain undefined "Severance Plan" prospectively, including for the benefit of current Employees). LAD specifically declined to seek emergency relief with respect to the Severance Plan/Severance Policy in the Motion, but rather requested a hearing on that program on regular notice. Id. at ¶ 105. LAD did not request

---

³ Where the context requires, and except as otherwise provided, each capitalized term used herein shall have the meaning ascribed to such term in the Motion.

any specific relief with respect to the Severance Obligations, but did request that the Court

generally approve all Employee Obligations. Id. at ¶¶ 90-95.

       7.     LAD's asserted bases for its request to pay all Employee Obligations are

sections 105(a), 363(b)(1) and 507(a)(4) of the Bankruptcy Code, as well as the "necessity of

payment" doctrine. Id. at ¶¶ 90-93. According to the Debtor:

> any delay in payment of the [Employee Obligations] would
> irreparably impair the Employees' morale, dedication, confidence,
> and cooperation, and would adversely impact LAD's relationship
> with its Employees at a time when the Employees' support is
> critical to LAD's chapter 11 case.

Id. at ¶ 94. LAD further asserts that:

> [p]ayment of *all* Employee Obligations in accordance with LAD's
> prepetition business practices is in the best interest of LAD's
> estate, its creditors, and all parties in interest and will enable LAD
> to continue to operate its business in an economic and efficient
> manner without disruption.

Id. at ¶ 102 (emphasis added). Mr. Jeffrey Ingram[4] further asserts that:

> LAD believes it could cause potential business disruptions and
> could even affect the morale of current Employees to not continue
> to pay the Severance Obligations in the ordinary course.

Declaration of Jeffrey J. Ingram in Support of Debtors' Chapter 11 Petitions and First

Day Motions [Docket No. 4], ¶76.

       8.     At the First Day Hearing, counsel to the Debtors indicated that LAD did

not seek interim relief with respect to two Highly Compensated Non-Player Employees that were

terminated prepetition, but would seek to honor its obligations to those employees only after

notice and hearing. Hr'g Tr. at 30:8-13 ("We also have in addition two severed employees that

have been paid. We have asked for authority but not to be directed to have to pay those. That I

---

[4]     Mr. Ingram is the Assistant Treasurer of LAD and Executive Vice President and Secretary of the
other Debtors.

think we'll just again put off for the 20 days . . . ."); 30:24-25 ("We're not seeking even to pay up to the [Bankruptcy Code section 507(a)(4)] cap with respect to the severance amounts.").

9.      Based upon subsequent communications with Debtors' counsel, it is abundantly clear that LAD has adopted a discriminatory policy of how LAD elects to honor its prepetition Severance Obligations.[5]

## ARGUMENT

### I.      The Authorizations Granted Pursuant to this Court's Equitable Powers Should Not Be Exploited Inequitably

10.     The "'great principles of equity,'" as embodied in the Bankruptcy Code, are aimed at "'securing complete justice'" for the parties before a court. Porter v. Warner Holding Co., 328 U.S. 395, 398 (1946) (quoting Brown v. Swann, 35 U.S. (10 Pet.) 497, 503 (1836)). Thus, bankruptcy courts, as courts of equity, have broad authority to act in a manner that will prevent injustice or unfairness in the administration of bankruptcy estates. In re Combustion Eng'g, Inc., 391 F.3d 190, 235 (3d Cir. 2004) ("Bankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process.") (internal quotation omitted); see also Pepper v. Litton, 308 U.S. 295, 307-08 (1939) ("[I]n the exercise of its equitable jurisdiction the bankruptcy court has the power to sift the circumstances surrounding any claim to see that injustice or unfairness is not done . . . ."). To this end, they may, when necessary, "eschew[ ] mechanical rules," Holmberg v. Armbrecht, 327 U.S. 392, 396 (1946) and "craft flexible remedies that . . . effect the result the [Bankruptcy] Code was designed to obtain." Official Comm. of Unsecured Creditors of

---

[5]      For example, Major League Baseball is aware that LAD is not honoring its prepetition Severance Obligations to Dr. Charles Steinberg, a current employee of Major League Baseball and a former Employee of the Debtor, who was terminated prepetition. Upon filing for chapter 11, LAD ceased making all payments to Dr. Steinberg.

5

Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).

11. Accordingly, this Court has authorized (and may further authorize) LAD to pay significant prepetition obligations in the ordinary course of business, notwithstanding the Bankruptcy Code's mechanical rules that ordinarily prohibit such payments. To do so, the Court exercised is broad equitable powers through the doctrine of necessity. See Hr'g Tr. at 31:22-24 ("Employees are obviously key to any organization. The integrity of the team obviously also depends on these payments and I grant the [M]otion."). But LAD purports to have reserved the right to withhold prepetition payments from certain former Employees, and not others. This discriminatory practice should not be allowed. Indeed, the preference of some former Employees over others contradicts the very basis on which the Court authorized payment of prepetition Employee Obligations in the first place—i.e., to achieve equality of treatment of similarly situated creditors. Therefore, LAD should not be permitted to exploit such authorization in an inequitable and discriminatory manner.

## II. The Debtor, As the Debtor in Possession, Owes Fiduciary Duties to Its Creditors, Including the Former Employees

12. A debtor in possession has a fiduciary duty to refrain from acting in a manner that could damage the estate or hinder a successful reorganization. See, e.g., Petit v. New England Mortgage Servs., Inc., 182 B.R. 64, 69 (D. Me. 1995) (a debtor in possession has an obligation to refrain "from acting in a manner which could damage the estate, or hinder a successful reorganization"); In re Ionosphere Clubs, Inc., 113 B.R. 164, 169 (Bankr. S.D.N.Y. 1994) (same); In re Sharon Steel, 86 B.R. 455, 457 (Bankr. W.D. Pa. 1988) (same). In this case, where LAD admits solvency and has stated that all of its creditors will be paid in full, a decision to pay Severance Obligations to certain former Employees and not others is a breach of this duty.

6

13. As LAD asserts in the Motion, "any delay in payment of the [Employee Obligations] would irreparably impair the Employees' morale, dedication, confidence, and cooperation, and would adversely impact [the Debtor]'s relationship with its Employees at a time when the Employees' support is critical to [the Debtor]'s chapter 11 case." Id. at ¶ 94. LAD offered this statement in support of its claim that authorization to pay all Employee Obligations was warranted by the doctrine of necessity. See id. Major League Baseball concurs in LAD's assessment that payment of all Employee Obligations is necessary.

14. However, for LAD to honor some but not all of the Severance Obligations to only certain former Employees would be inconsistent with LAD's fiduciary duties to its creditors and is simply unfair. LAD acknowledged that failure to pay all of its Employee Obligations would "irreparably harm the Employees' morale, dedication, confidence, and cooperation" during the chapter 11 process, Motion at ¶ 94, and that such payments are in "the best interest of [the Debtor]'s estate, its creditors, and all parties in interest," Id. at ¶ 102. On the basis of these statements, with which Major League Baseball agrees and accepts as true, LAD must honor their Severance Obligations in a fair and non-discriminatory manner. Thus, LAD should not be permitted to pick and choose which former Employees to pay Severance Obligations.

7

## CONCLUSION

For the foregoing reasons, the Motion should be denied or, at least, modified to require that payments of Severance Obligations be made to all former Employees on a non-discriminatory basis.

Dated: July 15, 2011
Wilmington, Delaware

<div style="margin-left: 40%;">

**OFFICE OF THE COMMISSIONER
OF BASEBALL**

By:
Jeffrey M. Schlerf, Esq. (DE ID No. 3047)
Eric M. Sutty, Esq. (DE ID No. 4007)
L. John Bird, Esq. (DE ID No. 5310)
FOX ROTHSCHILD LLP
Citizens Bank Center
919 Market Street, Suite 1600
P.O. Box 2323
Wilmington, DE 19899-2323
(302) 654-7444
(302) 656-8920 (Fax)

-and-

Thomas E Lauria
Glenn M. Kurtz
John K. Cunningham
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8200
(212) 354-8113 (Fax)

-and-

</div>

8

Bradley I. Ruskin
Jeffrey W. Levitan
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969- 3000
(212) 969-2900 (Fax)

-and-

Mark K. Thomas
Jeremy T. Stillings
PROSKAUER ROSE LLP
70 West Madison, Suite 3800
Chicago, IL 60602-4342
(312) 962-3550
(312) 962-3551 (Fax)

*Counsel to the Office of the*
*Commissioner of Baseball*

WM1A 1004582v1 07/15/11