**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| LOS ANGELES DODGERS LLC, *et al.*,[1] | Case No. 11-12010 (KG) |
| | Jointly Administered |
| Debtors. | |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

On June 27, 2011 (the "Commencement Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for procedural purposes only and are being jointly administered under case number 11-12010 (KG).

The Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and SOFAs") filed by the Debtors in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") were prepared pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtors with unaudited information available as near as possible to the Commencement Date. The Schedules and SOFAs do not purport to represent financial statements prepared in accordance with generally accepted accounting principles in the United States ("GAAP") and they are not intended to be fully reconciled to the Debtors' financial statements.

The Schedules and SOFAs have been signed by an authorized representative of each of the Debtors. In reviewing and signing the Schedules and SOFAs, these representatives relied upon the efforts, statements and representations of the Debtors' other personnel and professionals. These representatives have not (and could not have) personally verified the accuracy of each such statement and representation, including, for example, statements and representations concerning amounts owed to creditors and their addresses.

These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding Debtors' Schedules and SOFAs (the "Global Notes") are incorporated by reference in, and

---

[1]    The Debtors, together with the last four digits of each Debtor's federal tax identification number are: Los Angeles Dodgers LLC (3133); Los Angeles Dodgers Holding Company LLC (4851); LA Holdco LLC (2567); LA Real Estate Holding Company LLC (4850); and LA Real Estate LLC (3029). The location of the Debtors' corporate headquarters and the service address for the Debtors is: 1000 Elysian Park Avenue, Los Angeles, California 90012.

comprise an integral part of, each of the Debtors' Schedules and SOFAs, and should be referred to and reviewed in connection with any review of the Schedules and SOFAs.

1. <u>Reservation of Rights</u>.  The Debtors' chapter 11 cases are large and complex.  Although management of the Debtors has made every reasonable effort to ensure that the Schedules and SOFAs are as accurate and complete as possible, based on the information that was available to it at the time of preparation, subsequent information or discovery may result in changes to the Schedules and SOFAs (some of which may be material), and inadvertent errors or omissions may have occurred.  Because the Schedules and SOFAs contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and SOFAs are complete.

   Nothing contained in the Schedules and SOFAs or these Global Notes shall constitute an admission or a waiver of any of the Debtors' rights to assert any claims or defenses.

2. <u>Reporting Date</u>.  Each Debtor's fiscal year ends on December 31.

3. <u>Currency</u>.  All amounts are reflected in U.S. dollars as of the Commencement Date.

4. <u>Estimates and Assumptions</u>.  The preparation of the Schedules and SOFAs required the Debtors to make estimates and assumptions that affected the reported amounts of assets and liabilities, the disclosure of contingent assets and liabilities and the reported amounts of revenue and expense.  Actual results could differ materially from these estimates.

5. <u>Asset Presentation and Valuation</u>.  The Debtors do not have current market valuations for all of their assets.  It would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets, to the extent such valuations even exist.  Unless otherwise indicated, asset valuations are presented as the net book value as of the Commencement Date.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material.  Accordingly, the Debtors reserve all of their rights to amend, supplement, or adjust the value of each asset set forth herein.  As applicable, fixed assets and leasehold improvement assets that have been fully depreciated, fully amortized or were expensed for GAAP accounting purposes have no net book value and are therefore not included in the Schedules and SOFAs.

6. <u>Liabilities</u>.  Some of the scheduled liabilities are unknown and unliquidated at this time.  In such cases, the amounts are listed as "Unknown" or "Undetermined."  Accordingly, the Schedules and the SOFAs do not accurately reflect the aggregate amount of the Debtors' total liabilities.

7. <u>Consolidated Accounts Payable and Disbursements System</u>.  Los Angeles Dodgers LLC and LA Real Estate LLC utilize an integrated, centralized cash management system, in the ordinary course of business, to collect and transfer the funds generated by their operations and to disburse funds to satisfy their financial obligations.  A more complete description of

the centralized cash management system can be found in "*Los Angeles Dodgers LLC And LA Real Estate LLC's Motion Pursuant To Sections 105(a), 363(c), And 345(b) Of The Bankruptcy Code For Order: (I) Authorizing Continued Use Of Cash Management System And Procedures; (B) Authorizing Maintenance And Continued Use Of Existing Bank Accounts And Waiver Of Certain Operating Guidelines Relating To Bank Accounts And The Requirements Of Section 345 Of The Bankruptcy Code; (C) Authorizing The Banks To Honor Certain Prepetition Checks; And (D) Granting Related Relief*" filed on the Petition Date [Docket No. 5].

8. <u>Insiders</u>. For purposes of the Schedules and SOFAs, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) persons in control of the Debtors; and (d) relatives of the Debtors' directors, officers or persons in control of the Debtors. Persons listed as "insiders" have been included for informational purposes only.

Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision-making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

9. <u>Intercompany Transactions</u>. Prior to the Commencement Date (and subsequent to the Commencement Date pursuant to Bankruptcy Court approval), the Debtors routinely engaged (and continue to engage) in intercompany transactions with both Debtors and nondebtor subsidiaries and affiliates. The respective intercompany accounts payable and receivable as of the Commencement Date, if any, are reflected in the respective Debtor entities Schedules and SOFAs. The Debtors each reserve all rights with respect to claims against and debts owed to other Debtors.

10. <u>Executory Contracts and Unexpired Leases</u>. Counterparties to executory contracts and unexpired leases with the Debtors may have claims that arise upon the rejection of such contract or lease, but such claims are contingent, unliquidated, and disputed at this point. The Debtors have not included potential rejection damage claims on Schedule F. Additionally, as the Debtors are continuing to perform all obligations relating to player contracts governed by the collective bargaining agreement with the Major League Baseball Players Association, outstanding pre-petition obligations related to such contracts (if any) have not been included on Schedule F.

11. <u>Recharacterization</u>. The Debtors have made reasonable efforts to characterize, classify, categorize or designate the claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and SOFAs correctly. Due to the complexity and size of the Debtors' business, however, the Debtors may have improperly characterized, classified, categorized or designated certain items. In addition, certain items reported in the Schedules and SOFAs could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item. For

the avoidance of doubt, listing a claim on Schedule D as "secured," on Schedule E as "priority," on Schedule F as "unsecured nonpriority," or listing a contract or lease on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

12. <u>Claim Description</u>. Any failure to designate a claim on the Debtors' Schedules and SOFAs as "contingent," "unliquidated" or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated" or "disputed". The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on the Schedules and SOFAs as to amount, liability, priority, secured or unsecured status, classification or any other grounds or to otherwise subsequently designate any claim as "contingent," "unliquidated" or "disputed". The Debtors reserve all of their rights to amend their Schedules and SOFAs as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

13. <u>Undetermined or Unknown Amounts</u>. The description of an amount as "Undetermined" or "Unknown" is not intended to reflect upon the materiality of such amount. Assets or claims that are in an "Undetermined" or "Unknown" amount are calculated as zero dollars ($0.00) when preparing totals or summaries notwithstanding the fact that such assets and claims may have a value greater than zero dollars ($0.00).

14. <u>Bankruptcy Court First-Day Orders</u>. The Bankruptcy Court has authorized the Debtors to pay various outstanding prepetition claims, including but not limited to, payments to relating to employee compensation, employee benefits, obligations under certain collective bargaining agreements, reimbursable business expenses and certain taxes. Where the Schedules list creditors and set forth the Debtors' scheduled amount attributable to such claims, such scheduled amount reflects amounts owed as of the Commencement Date adjusted for any payments made on account of such claims subsequent to the Commencement Date pursuant to the authority granted to the Debtors by the Bankruptcy Court. To the extent payments are made on account of such claims subsequent to the filing of the Schedules, the Debtors reserve all of their rights to deduct such amounts paid from future payments to creditors. The estimate of claims set forth in the Schedules, however, may not reflect assertions by the Debtors' creditors of a right to have such claims paid or reclassified under the Bankruptcy Code or orders of the Bankruptcy Court. In general, only employee claims for items not authorized to be paid by the Bankruptcy Court have been included in the Schedules and SOFAs.

15. <u>Contingent Assets and Causes of Action</u>. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and SOFAs, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any

such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

The Debtors may also possess contingent and unliquidated claims against affiliated entities (both debtor and nondebtor) for various financial accommodations and similar benefits they have extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from various (i) letters of credit, (ii) surety bonds, (iii) guarantees, (iv) indemnities, and (v) tax sharing agreements. Additionally, prior to the relevant Commencement Date, each Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages for business-related losses.

16. <u>Excluded Addresses</u>. The Debtors have excluded the home or personal addresses of employees, players and certain independent contractors listed in the Schedules and SOFAs. Such addresses will be made available to the Office of the United States Trustee, the Official Committee of Unsecured Creditors and the Court upon request.

17. <u>Assumptions Used to Prepare Specific Schedules or SOFAs Questions</u>.

- <u>SOFA Question #3b</u>. All information for payments made by check or ACH includes the vendor's address. Based upon data limitations for information captured for payments made by wire transfer, it would be unduly burdensome to obtain the address information for the vendors where a payment had not also been made by check or ACH, therefore no address is listed for a portion of vendors paid via wire transfer. Payments made to employees for travel and entertainment expense reimbursements are included in this schedule. Payments made in the ordinary course of business on account of employee wages and to players under contracts governed by the collective bargaining agreement with the Major League Baseball Players Association have not been included in response to Question 3b of Debtor Los Angeles Dodgers LLC's ("<u>LAD</u>") SOFA.

- <u>SOFA Question #3c</u>. Each Debtor has included all payroll distributions and aggregate travel and entertainment expense reimbursement made over the twelve months preceding the Commencement Date to any individual that may be deemed an "Insider" (as defined in the Bankruptcy Code) when the Debtor has either made or been charged for such payments. To the extent that former officers do not qualify as Insiders at the time of the transfer, such benefits and payments are not included in the Schedules and SOFAs. To the extent that such benefits and payments are provided pursuant to a written agreement, such agreement is included in Schedule G. To the extent that a current or former employee is an Insider, such employee received payment pursuant to the terms of his or her employment agreement and/or severance agreement with the Debtor and such payments are listed in the aggregate for current and former employees in response to SOFA 3c. A schedule listing such payments on an individual-by-individual basis will be provided to the Office of the United States Trustee and the Official Committee of Unsecured Creditors, and is available to other parties upon request, subject to execution of a confidentiality agreement. The listing of a party as an Insider in the Schedules and SOFAs, however, is not intended to be, nor shall be, construed as a legal characterization

or determination of such party as an actual insider and does not act as an admission of any fact, claim, right or defense, and all such rights, claims, and defenses are hereby expressly reserved.

- <u>SOFA Question #7</u>.  Payments made for gifts or charitable contributions for all of the Debtor entities are made by LAD and included in LAD's SOFA.

- <u>SOFA Question #8</u>.  Worker's compensation claims generally have been excluded from the Schedules and SOFAs because the Debtors are performing their obligations as required by law and in accordance with Bankruptcy Court orders granting authority to the Debtors to satisfy those obligations in the ordinary course.  The schedule also excludes any de minimis claims which did not exceed the $1,000.00 deductible amount for certain insurance policies.

- <u>SOFA Question #9</u>.  The payments listed in response to Question 9 of LAD's SOFA are not included in response to Question 3b as they were not made by a Debtor.  $32,000 of the $225,000 payment received by Dewey & LeBoeuf on June 24, 2011 was provided to Young Conaway Stargatt& Taylor LLP on June 24, 2011 to serve as a general retainer.

- <u>SOFA Question #14</u>.  LAD routinely holds goods for others, such as Los Angeles Dodgers merchandise and food sold by third-parties at Dodger Stadium, and it would be unduly burdensome for LAD to inventory these goods.  Accordingly, such property has not been listed in response to this question.

- <u>SOFA Question #17</u>.  The Debtors are providing information in response to this question based on information available to the Debtors' management from and after February 13, 2004 (the date the Debtors were acquired by their current equity holders).

- <u>Schedule B</u>.  Except as otherwise noted, dollar amounts listed on Schedule B are presented as net book value as of June 30, 2011.

- <u>Schedule B2</u>.  Cash accounts are presented at bank balance as of the Commencement Date.

- <u>Schedule B18 and B21</u>.  The Debtors have attempted to list all known liquidated debts and all known contingent and/or unliquidated debts.  The failure of the Debtors to list any liquidated debt or contingent and/or unliquidated debt (whether known or unknown) on Schedule B shall not be deemed a waiver of the Debtors' rights to collect such amounts.

- <u>Schedule B22</u>.  Due to the nature of their business, the Debtors own the rights to vast amounts of intellectual property.  For example, the Debtors own the copyright to every photograph of Los Angeles Dodgers players and coaches taken by the Dodgers' team photographer.  It is not practicable for the Debtors to compile a list of copyrighted materials and other intellectual property, and it is the Debtors' customary practice to not do so.  The Debtors have undertaken reasonable efforts to identify significant and/or material trademarks and copyrights, which are listed on Schedule B22.  The failure to list

a trademark, copyright or any other intellectual property on Schedule B22 does not constitute an admission by the Debtors that they do not own such trademark, copyright or other intellectual property.

- <u>Schedule B23</u>. LAD is a party to certain agreements with Major League Baseball that have been listed on Schedule G that may or may not also fall within the scope of Schedule B23. LAD reserves all of its rights with respect to these agreements.

- <u>Schedules B25, B28, & B29</u>. Property, plant and equipment are included at aggregate net book value. The Debtors may have property, plant and equipment assets which have zero net book value. Schedule B29 also lists certain improvements made by LAD related to the operation of Camelback Spring Training LLC, a limited liability company of which LAD is a 50% owner, that were recorded on LAD's books and records.

- <u>Schedule D</u>. Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and SOFAs shall be deemed a modification or interpretation of the terms of such agreements. Finally, certain parties have filed UCC-1 financing statements against the Debtors and have been listed on Schedule D, however, the Debtors have not listed UCC-1 financing statements filed by parties who assert liens on the Debtors' property but do not have a claim against the Debtors on account of such asserted lien. The Debtors reserve the right to assert, among other things, that the Debtors have no obligations to such parties and that the collateral that is the subject of such UCC-1 financing statements is or is not property of one or more of the Debtors and their estates.

- <u>Schedule E</u>. Certain claims listed on the Debtors' Schedule E are claims owing to various taxing authorities to which the Debtors may potentially be liable. However, certain of such claims may be subject to on-going audits and the Debtors are otherwise unable to determine with certainty the amount of many, if not all, of the remaining claims listed on Schedule E. Therefore, the Debtors have listed all such claim amounts as "Unknown" in amount, pending final resolution of on-going audits or other outstanding issues. The Debtors reserve the right to dispute any claim asserted by a taxing authority. By orders of the Court, the Debtors were permitted to pay wages and commissions to employees, therefore, to not burden the Court, the Debtors have not included wage and commission claims that would have existed as of the Commencement Date, but were subsequently paid by the Debtors.

- <u>Schedule F</u>.  The Debtors have used their best efforts to report all general unsecured claims against each Debtor on Schedule F based upon the Debtors' existing books and records.  Schedule F does not include certain deferred charges, deferred liabilities, accruals or general reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Commencement Date, and such, have not been included on Schedule F.

- <u>Schedule G</u>.  The businesses of the Debtors are complex.  While the Debtors' existing records and information systems have been relied upon to identify and schedule executory contracts at each of the Debtors and every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.  The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements which may not be listed therein.  Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.

  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on the Schedule, including the rights to dispute or challenge the characterization or the structure of any transaction document or instrument.  Certain executory agreements may not have been memorialized and could be subject to dispute.  Generally, executory agreements that are oral in nature have not been included in the Schedule.

# UNITED STATES BANKRUPTCY COURT

## District of Delaware

In re:  LA REAL ESTATE LLC

Debtor

Case No.   11-12014

Chapter   11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $157,095,217.92 | | |
| B - Personal Property | YES | 4 | $4,666,666.66 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 1 | | $0.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | | | | |
| J - Current Expenditures of Individual Debtors(s) | NO | | | | |
| | | 12 | $161,761,884.58 | $0.00 | |

In re: LA REAL ESTATE LLC         Case No.   11-12014

                     Debtor                                              (if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 1000 ELYSIAN PARK AVE LOS ANGELES, CA 90012 | LAND AND STADIUM | | $157,095,217.92 | NONE |
| | | Total | $157,095,217.92 | |

Sheet no. 1 of 1 sheet(s) attached to Schedule of Real Property

       Case No.   11-12014

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  CASH ON HAND. | X | | | |
| 2.  CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, CERTIFICATES OF DEPOSIT, OR SHARES IN BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT UNIONS, BROKERAGE HOUSES, OR COOPERATIVES. | X | | | |
| 3.  SECURITY DEPOSITS WITH PUBLIC UTILITIES, TELEPHONE COMPANIES, LANDLORDS, AND OTHERS. | X | | | |
| 4.  HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING AUDIO, VIDEO, AND COMPUTER EQUIPMENT. | X | | | |
| 5.  BOOKS, PICTURES AND OTHER ART OBJECTS, ANTIQUES, STAMP, COIN, RECORD, TAPE, COMPACT DISC, AND OTHER COLLECTIONS OR COLLECTIBLES. | X | | | |
| 6.  WEARING APPAREL. | X | | | |
| 7.  FURS AND JEWELRY. | X | | | |
| 8.  FIREARMS AND SPORTS, PHOTOGRAPHIC, AND OTHER HOBBY EQUIPMENT. | X | | | |

Sheet no. 1 of 4 sheet(s) attached to Schedule of Personal Property

In re:  LA REAL ESTATE LLC                                                                    Case No.    11-12014
_____                                  _____
                                    Debtor                                                                              (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9.  INTERESTS IN INSURANCE POLICIES. NAME INSURANCE COMPANY OF EACH POLICY AND ITEMIZE SURRENDER OR REFUND VALUE OF EACH. | X | | | |
| 10. ANNUITIES.  ITEMIZE AND NAME EACH INSURER. | X | | | |
| 11. INTERESTS IN AN EDUCATION IRA AS DEFINED IN 26 U.S.C. § 530(b)(1) OR UNDER A QUALIFIED STATE TUITION PLAN AS DEFINED IN 26 U.S.C. § 529(b)(1). GIVE PARTICULARS.  (FILE SEPARATELY THE RECORD(S) OF ANY SUCH INTEREST(S). 11 U.S.C. § 521(c)  RULE 1007(B)) | X | | | |
| 12. INTERESTS IN IRA, ERISA, KEOGH, OR OTHER PENSION OR PROFIT SHARING PLANS.  ITEMIZE. | X | | | |
| 13. STOCK AND INTERESTS IN INCORPORATED BUSINESSES.  ITEMIZE. | | DODGER TICKETS MANAGER CORP. 100% OWNERSHIP<br><br>DODGER TICKETS LLC 100% OWNERSHIP | | UNKNOWN<br><br>UNKNOWN |
| 14. INTERESTS IN PARTNERSHIPS OR JOINT VENTURES.  ITEMIZE. | X | | | |
| 15. GOVERNMENT AND CORPORATE BONDS AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS. | X | | | |
| 16. ACCOUNTS RECEIVABLE. | X | | | |
| 17. ALIMONY, MAINTENANCE, SUPPORT, AND PROPERTY SETTLEMENTS TO WHICH THE DEBTOR IS OR MAY BE ENTITLED. GIVE PARTICULARS. | X | | | |
| 18. OTHER LIQUIDATED DEBTS OWING DEBTOR INCLUDING TAX REFUNDS.  GIVE PARTICULARS. | X | | | |

In re:  LA REAL ESTATE LLC                                    Case No.   11-12014
_____        _____
                          Debtor                                              (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19. EQUITABLE OR FUTURE INTERESTS, LIFE ESTATES, AND RIGHTS OR POWERS EXERCISABLE FOR THE BENEFIT OF THE DEBTOR OTHER THAN THOSE LISTED IN SCHEDULE OF REAL PROPERTY. | X | | | |
| 20 CONTINGENT AND NON-CONTINGENT INTERESTS IN ESTATE OF A DECEDENT, DEATH BENEFIT PLAN, LIFE INSURANCE POLICY, OR TRUST. | X | | | |
| 21. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE, INCLUDING TAX REFUNDS, COUNTERCLAIMS OF THE DEBTOR, AND RIGHTS TO SETOFF CLAIMS.  GIVE ESTIMATED VALUE OF EACH. | X | | | |
| 22. PATENTS, COPYRIGHTS, AND OTHER INTELLECTUAL PROPERTY.  GIVE PARTICULARS. | X | | | |
| 23. LICENSES, FRANCHISES, AND OTHER GENERAL INTANGIBLES.  GIVE PARTICULARS. | X | | | |
| 24. CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONALLY IDENTIFIABLE INFORMATION PROVIDED TO THE DEBTOR BY INDIVIDUALS IN CONNECTION WITH OBTAINING A PRODUCT OR SERVICE FROM THE DEBTOR PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES. | X | | | |
| 25. AUTOMOBILES, TRUCKS, TRAILERS, OTHER VEHICLES AND ACCESSORIES. | X | | | |
| 26. BOATS, MOTORS, AND ACCESSORIES. | X | | | |
| 27. AIRCRAFT AND ACCESSORIES. | X | | | |
| 28. OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES. | X | | | |

Sheet no. 3 of 4 sheet(s) attached to Schedule of Personal Property

In re: LA REAL ESTATE LLC       Case No.    11-12014

              Debtor                                            (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 29. MACHINERY, FIXTURES, EQUIPMENT AND SUPPLIES USED IN BUSINESS. | | LAND IMPROVEMENTS | | UNKNOWN |
| 30. INVENTORY. | X | | | |
| 31. ANIMALS. | X | | | |
| 32. CROPS - GROWING OR HARVESTED. GIVE PARTICULARS. | X | | | |
| 33. FARMING EQUIPMENT AND IMPLEMENTS. | X | | | |
| 34. FARM SUPPLIES, CHEMICALS, AND FEED. | X | | | |
| 35. OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED. ITEMIZE. | | PREPAID RENT | | $4,666,666.66 |

                                      Total        $4,666,666.66

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Sheet no. 4 of 4 sheet(s) attached to Schedule of Personal Property

In re:  LA REAL ESTATE LLC _____     Case No.  11-12014 _____

                             Debtor                                                        (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

Debtor                                                                              (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the
debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐   **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a) (6).

☐   **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑   **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>LOS ANGELES COUNTY TAX COLLECTOR<br>PO BOX 54018<br>LOS ANGELES, CA 90054-0018 | | | TAXING AUTHORITY | X | X | | UNKNOWN | UNKNOWN | UNKNOWN |

| | | |
|---|---|---|
| Sheet no. 3 of 3 sheet(s) attached to Schedule of Creditors Holding Priority Claims | Subtotal<br>(Totals of this page) | $0,00 | $0,00 | $0,00 |
| | Total<br>(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $0,00 | | |
| | Totals<br>(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $0,00 | $0,00 |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** <br><br> BRYAN STOW, TYLER STOW AND TABITHA STOW REPRESENTED BY GIRARDI KEESE 1126 WILSHIRE BOULEVARD LOS ANGELES, CA  90017 | | | LITIGATION | X | X | X | UNKNOWN |

Sheet no. 1 of 1 sheet(s) attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal | $0.00 |
| Total *(Use only on last page of the completed Schedule F.)* *(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)* | $0.00 |

In re: LA REAL ESTATE LLC        Case No.   11-12014

                Debtor                                                  (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| BLUE LANDCO LLC<br>ATTN: FRANK H. MCCOURT, JR.<br>1000 ELYSIAN PARK AVENUE<br>LOS ANGELES, CA 90012-1199 | GROUND LEASE<br>EXECUTION DATE: 6/30/2006 |
| BLUE LANDCO LLC<br>ATTN: FRANK H. MCCOURT, JR.<br>1000 ELYSIAN PARK AVENUE<br>LOS ANGELES, CA 90012-1199 | SECOND AMENDMENT TO GROUND LEASE<br>EXECUTION DATE: 1/1/2010 |
| DODGER TICKETS LLC<br>1000 ELYSIAN PARK AVENUE<br>LOS ANGELES, CA 90012 | LEASE<br>EXECUTION DATE: 5/11/2005 |
| LOS ANGELES DODGERS LLC<br>1000 ELYSIAN PARK AVENUE<br>LOS ANGELES, CA 90012 | AMENDED AND RESTATED LEASE AGREEMENT<br>EXECUTION DATE: 5/11/2005 |

In re: **LA REAL ESTATE LLC**        Case No. **11-12014**
                        Debtor                                            (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

In re:  LA REAL ESTATE LLC                          Case No.:  11-12014
                    Debtor

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, Peter D. Wilhelm, the Chief Financial Officer of LA Real Estate LLC named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 13 sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information and belief.

Date:  August 11, 2011          Signature:          /s/ Peter D. Wilhelm

                                                    Peter D. Wilhelm
                                                    [Print or type name of individual on behalf of debtor]

                                                    Chief Financial Officer
                                                    [Indicate position or relationship to debtor]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor]*
-------------------------------------------------------------------------------------------------------------------------------------
Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both 18 U.S.C. §§ 152 and 3571.