# EXHIBIT 36

WHITE & CASE

White & Case LLP
Southeast Financial Center, Suite 4900
200 South Biscayne Boulevard
Miami, Florida 33131-2352

Tel + 1 305 371 2700
Fax + 1 305 358 5744/5766
www.whitecase.com

Direct Dial + (305) 995-5282 tlauria@whitecase.com

June 30, 2011

**VIA ELECTRONIC MAIL AND OVERNIGHT DELIVERY**

Sidney P. Levinson
Dewey & LeBoeuf LLP
333 South Grand Avenue
Suite 2600
Los Angeles, CA 90071-1530

Re: *In re Los Angeles Dodgers LLC, et al.*, Jointly Administered Case No. 11-12010 (Bankr. D. Del) (KG) (the "Chapter 11 Case")

Dear Mr. Levinson:

We represent the Office of the Commissioner of Baseball (the "BOC") in connection with the Chapter 11 Case. This letter is in further response to your letter to J. Thomas Schieffer dated June 27, 2011 (the "June 27 Letter") sent on behalf of the Los Angeles Dodgers LLC ("LAD") and its affiliates (collectively with LAD, the "Debtors") that have commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Delaware.

Pursuant to the Commissioner's Directive dated April 25, 2011 (the "Directive"), Ambassador Schieffer (the "Monitor") was duly authorized and appointed to oversee and monitor the Los Angeles Dodgers franchise (the "Club"). The Directive is binding on the Debtors, their owners, members, directors, officers and employees. In the June 27 Letter, the Debtors have asserted that, as a result of the commencement of the Chapter 11 Case, the automatic stay pursuant to section 362 of the Bankruptcy Code prohibits the Monitor from continuing to perform his duties under the Directive. The conclusions set forth in your June 27 Letter are incorrect and the Debtors' refusal to permit the Monitor to continue performing his duties constitutes an ongoing violation of the Major League Constitution and the other agreements and arrangements that comprise the relationship between the Club and the league (collectively, the "Baseball Agreements").

Contrary to the statements in the June 27 Letter, the duties of the Monitor do not constitute an "exercise of control over property of the estate" that would violate the automatic stay. He has instead been exercising the rights and powers of the BOC under the Baseball

Agreements and performing his duties consistent with the best interests of baseball. The Monitor's performance of his duties, which include without limitation his right to review and approve certain transactions, decisions, and expenditures of the Club, no more constitutes a violation of the automatic stay than does an umpire calling a Dodgers' batter out on strikes during a ballgame at Dodger Stadium.

As a Major League Club participating in and reaping the substantial benefits provided under the Baseball Agreements, the Club must also perform its duties and responsibilities thereunder. These duties and responsibilities include complying with the Directive.

The oversight and monitoring activities of the Monitor pursuant to the Directive are essentially matters of corporate governance. In that regard, it is well settled that such matters are not subject to the automatic stay under section 362 of the Bankruptcy Code. See, e.g., In re Marvel Entertainment Group, Inc., 209 B.R. 832, 838 (D. Del. 1997). As such, the Monitor's continued oversight and monitoring activities pursuant to the Directive are not a violation of the automatic stay and should continue without interference by the Debtors, their owners, members, directors, officers or employees.

Finally, by the June 27 Letter, the Debtors and their representatives have demonstrated their failure and refusal to comply with the terms of the Directive. Such failure and refusal to comply with the terms of the Directive constitute conduct not in the best interests of baseball and may subject the Debtors and their representatives to further preventive, remedial or punitive action by the Commissioner in accordance with the Major League Constitution. The BOC hereby demands that the Debtors and their representatives cooperate fully with the Monitor in the continued performance of his duties pursuant to the Directive, including by providing the Monitor with immediate access to the Club's facilities and employees.

All rights and remedies of the BOC under the Baseball Agreements and otherwise are hereby reserved.

Sincerely,

Thomas E. Lauria

TEL:mcb

cc: Bradley I. Ruskin, Esq.



MIAMI 919394 v5 (2K)