# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| LOS ANGELES DODGERS LLC., *et al.*, | ) | Case No. 11-12010(KG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

## ORDER APPOINTING MEDIATOR

The Court has before it the captioned jointly administered Chapter 11 case which involves, *inter alia*, disputes with the Commissioner of Baseball, d/b/a/ Major League Baseball (the "Commissioner"). Since July 5, 2011, at the Court's request, Joseph J. Farnan, Jr. (Mr. Farnan") has been working tirelessly to bring Debtors and the Commissioner to a settlement. Mr. Farnan, a recently retired U.S. District Court Judge, has the ideal skills, knowledge, experience and the personality to succeed in assisting the parties.

Accordingly, IT IS ORDERED this 3rd day of October, 2011, that,

1. The Court appoints Mr. Farnan as mediator (the "Mediator") *nunc pro tunc* to July 5, 2011. The Debtors and the Commissioner shall share equally in the payment of the Mediator's normal fee and reasonable expenses, for which the Mediator may bill on a monthly or regular basis of his choosing. The Mediator may, in his discretion, obtain assistance from other attorneys in his firm to assist him at such attorneys' normal hourly rate.

2. The parties may seek reallocation of payments to the Mediator at the conclusion of the mediation.

3. The Mediator may perform his work as he deems appropriate, with or without written submissions and formally or informally.

4. The Mediator will not communicate with the Court except with consent of all parties.

5. The mediation proceedings are settlement negotiations, and all offers, promises, conduct and statements, whether written or oral, made in the course of the proceedings, are inadmissible in any arbitration or court proceeding, to the extent otherwise allowed by applicable state law. The parties agree not to subpoena or otherwise require the Mediator to testify or produce records, notes or work product in any future proceedings, and no recording or stenographic record will be made of the mediation session. Evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or non-discoverable as a result of its use in the mediation session. Information disclosed to the Mediator in private session shall remain confidential unless the party authorizes disclosure.

6. The Mediation will be confidential and the Mediator will treat all documents he receives as confidential.

7. At the conclusion of his work, the Mediator shall file a report advising the Court only that the matter has or has not settled, without any further detail.

Dated: October 3, 2011

_____
KEVIN GROSS, U.S.B.J.