# Exhibit B

Dennis M. Wasser (SBN 41617)
Bruce E. Cooperman (SBN 76119)
**WASSER, COOPERMAN & CARTER, P.C.**
2029 Century Park East, Suite 1200
Los Angeles, California 90067-2957
Telephone No.: (310) 277-7117
Facsimile No.: (310) 553-1793

Michael J. Kump (SBN 100983)
Suann C. MacIsaac (SBN 205659)
Jonathan Steinsapir (SBN 226281)
**KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP**
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: (310) 566-9800
Facsimile: (310) 566-9850

David Boies (*Pro Hac Vice admission*)
James Fox Miller (*Pro Hac Vice admission*)
**BOIES, SCHILLER & FLEXNER LLP**
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

Attorneys for Petitioner Jamie McCourt

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| In re Marriage of<br><br>JAMIE McCOURT,<br><br>Petitioner,<br><br>v.<br><br>FRANK H. McCOURT, JR.,<br><br>Respondent. | CASE NO. BD 514309<br><br>[Assigned to Hon. Scott M. Gordon – Dept. 88]<br><br>**BINDING TERM SHEET** |

*Execution Copy*

# BINDING TERM SHEET

(1) On or before April 30, 2012, Frank will pay Jamie $131 million in cash. This payment shall be made incident to divorce and be non-taxable to Jamie. To the extent that Frank makes this payment in advance of April 30, 2012, the amount of the lump sum payment will be reduced by $1 million per month on a pro rata basis. If it is necessary for Jamie to take legal action after April 30, 2012, to collect the $131 million, she will be entitled to recover reasonable attorney's fees and costs related to such legal action.

(2) Jamie will further receive, as her sole and separate property, approximately $50 million (net of mortgages) in personal property, consisting of Charing Cross I, Malibu I and II, Vail, and all fixtures, furnishings and personal property associated with those properties. Jamie will have sole responsibility and liability for the mortgages, outstanding bills, and other indebtedness on these properties (except for the $18 million line of credit secured by both the Vail and Cotuit properties), and will fully indemnify and hold Frank harmless in connection with that debt and those obligations. Jamie will use her best efforts to remove Frank from the mortgages on these properties. Frank will relinquish all claims of reimbursement with respect to these properties.

(3) Until the lump sum payment under paragraph 1 is made, Frank will continue to pay Jamie $225,000 in temporary support. After the lump sum payment is made, all support and maintenance payments with cease, and both parties waive any right to spousal support. Any advance partial payment of the $131 million will also reduce the $225,000 monthly temporary support payment on a proportional basis.

(4) Frank shall give Jamie a full indemnity and hold Jamie harmless for any tax liability associated with joint personal tax returns filed for the tax years 2004 to the present and all business tax returns from the tax years 2004 to the present, and for any other liability in connection with the Dodger Assets and the McCourt Entities (as defined in paragraph 6 below)—except for any liability caused by Jamie's fraud or willful violation of law where the practice was directed primarily by Jamie. Jamie will cooperate with Frank in dealing with any taxation agencies or authorities.

(5) In addition to all rights of action that Jamie may have to compel payment of the $131,000,000 due under paragraph 1, in the event that Frank fails to make the payment set forth in Paragraph 1, the Dodger Assets will be sold in an orderly manner, with joint control of the sales process by Frank and Jamie, and with the first $131 million in net, after-tax proceeds being paid to Jamie. On or before November 15, 2011, Frank shall execute a confession of judgment for $131 million dollars in a form reasonably satisfactory to all parties reflecting the terms of this agreement.

(6) In exchange for the consideration paid to Jamie pursuant to paragraph 1, 2, 3, 4 and 5 above, Jamie will release any and all claims to Frank's businesses and personal assets, now and in the future, including without limitation The McCourt

*Execution Copy*

Broderick Limited Partnership and The McCourt Company, Inc. and all of their subsidiaries (which subsidiaries include, without limitation, Los Angeles Dodgers LLC, LA Real Estate LLC, LA Holdco LLC, Blue Landco LLC, FJM Blue LLC, LA Marathon LLC) (collectively, the "McCourt Entities"). Those assets will be deemed as Frank's separate property, and Jamie waives all claims of reimbursement. Frank will have sole responsibility and liability for all debts on those assets.

(7) Until the full payment has been made under paragraph 1, the net proceeds (up to $131 million, and after repayment of loans, payment of taxes related to such transaction, etc.) of any sale or financing of the Dodger Assets, or of any entities that directly or indirectly own or control the Dodger Assets, shall be paid to Jamie before Frank receives any proceeds.

(8) Frank shall receive as his sole and separate property the real properties known by the parties as Willowbend (approximate value of $700,000) and Cotuit (approximate value $20 million) and all fixtures, furnishings and personal property associated with those properties. Frank will assume and have sole responsibility and liability for the $18 million line of credit secured by Cotuit and Vail, and will fully indemnify and hold Jamie harmless in connection with that debt. Frank will use his best efforts to remove Jamie from that mortgage and to sever Vail from that line of credit. Jamie will execute the appropriate deeds and other documents to accomplish the transfer of Cotuit and Willowbend to Frank. The transfers are made incident to divorce and will be tax-free.

(9) Jamie will assign any and all claims she may have against Bingham McCutchen LLP, or any of its predecessors, successors, partners or employees, to Frank.

(10) Frank will relinquish any claims to assets in any joint accounts, Jamie's accounts, or the Pinnacle Hedge Funds, as well as any businesses or other assets titled in Jamie's name. Jamie will relinquish any claims to assets in any of Frank's accounts, and any claims to the McCourt Entities and any assets owned by them. Frank will not be entitled to reimbursement for any support, property maintenance payments, or attorneys' fees paid by him to date. Both parties will bear sole responsibility for their costs, expenses, and legal fees associated with the divorce, and waive any claims against each other for any further payment, reimbursement, contribution, or support except for expressly provided herein.

(11) Except as expressly provided herein, each party waives any and all reimbursement rights of any type or nature, including but not limited to rights under Family Code 2640 for contributions of either separate property to the acquisition of a community asset or separate property to the acquisition of separate property of the other party, under *Epstein, Watt, Moore/Marsden*, and any other theory under California law whereby either party might be entitled to a reimbursement or ownership interest for use of community property or his/her separate property, either prior to or subsequent to separation, toward the acquisition of, improvement of, maintenance of, or any other obligation relating to the separate property of the other party or to any community asset. Further, Frank waives his right pursuant to the Court's order dated May 5, 2010, to seek reimbursement or reallocation of the

*Execution Copy*

property maintenance payments which he has made pursuant to said order, and he further waives any claim for any reimbursement or interest in any of the parties' previously owned jointly titled assets including but not limited to the Cabo property and the Pinnacle China Fund.

(12) Upon execution of this Term Sheet, Jamie and Frank will stay all pending litigation. Until this Term Sheet is filed with the Court, Jamie and Frank shall not communicate (and shall prohibit their advisors from communicating) with the media or any other person (other than counsel who shall also be prohibited from communicating with the media) concerning any of the matters covered by this Term Sheet, other than through joint or jointly approved statements. The parties will reach agreement regarding the appropriate time to file this Term Sheet with the Court.

(13) All payments, transfers, and releases made under this agreement are made incident to divorce and non-taxable.

(14) Jamie will fully cooperate with Frank in connection with *In re: Los Angeles Dodgers LLC, et al.*, Case No. 11-12010 (KG) (D. Del.) and all dealings with Major League Baseball, provided however, that Frank shall pay all of Jamie's reasonable expenses, including reasonable attorney's fees, incurred in connection with such cooperation. Without limiting the generality of the foregoing, if requested by Frank, Jamie shall support all pleadings filed, including any plans of reorganization, and positions taken by the Debtors in such cases and, if so requested by Frank, join with the Debtors in opposing any pleadings filed or positions taken by other parties in interest in such cases. Jamie will also withdraw all pending objections to motions filed by the Debtors.

(15) The agreement made at the September 14, 2011 hearing before Judge Gordon regarding the sale of certain assets is superseded by this Term Sheet. To the extent that an order is required to modify that agreement, the parties will cooperate in filing an appropriate stipulation.

(16) This Term Sheet shall constitute a valid and binding agreement that is fully enforceable under CCP § 664.6 and California law. On or before November 15, 2011, the terms of this Term Sheet shall be included in a stipulated further judgment, including any necessary terms to implement the parties' agreement as well as the customary family law judgment "boilerplate" provisions, such as waiver of the right to appeal, waiver of further discovery, acknowledgment of resolution of all issues, and reservation of jurisdiction.

(17) The parties have exchanged preliminary declarations of disclosure, have exchanged current income and expense declarations, and waive the exchange of final declarations of disclosure. To the extent a stipulation is needed to waive the exchange of final declarations of disclosure, the parties will cooperate in executing such stipulation.

(18) This Term Sheet shall be governed by and construed according to California law with any disputes determined by Judge Gordon, and if Judge Gordon is unwilling

*Execution Copy*

or unable to resolve the dispute, then by binding and confidential arbitration in Los Angeles before one JAMS arbitrator.

IN WITNESS WHEREOF, Jamie and Frank have approved as to form and content and executed this Term Sheet on the dates set forth opposite her or his respective signatures.

DATED: October 11, 2011

JAMIE McCOURT

DATED: October ____, 2011

FRANK H. McCOURT, JR.

APPROVED AS TO FORM ONLY:

DATED: October ___, 2011

WASSER, COOPERMAN & CARTER, P.C.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

BOIES SCHILLER & FLEXNER LLP

By:

David Boies
Attorneys for Petitioner Jamie McCourt

DATED: October ___, 2011

TROPE & TROPE

SUSMAN GODFREY, LLP

By:

Ryan C. Kirkpatrick
Attorneys for Respondent Frank H. McCourt, Jr.

*Execution Copy*

or unable to resolve the dispute, then by binding and confidential arbitration in Los Angeles before one JAMS arbitrator.

IN WITNESS WHEREOF, Jamie and Frank have approved as to form and content and executed this Term Sheet on the dates set forth opposite her or his respective signatures.

DATED: October ____, 2011 ________________________ JAMIE McCOURT

DATED: October ____, 2011 ________________________ FRANK H. McCOURT, JR.

**APPROVED AS TO FORM ONLY:**

DATED: October 11, 2011

WASSER, COOPERMAN & CARTER, P.C.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

BOIES SCHILLER & FLEXNER LLP

By: ________________________
David Boies
Attorneys for Petitioner Jamie McCourt

DATED: October ____, 2011

TROPE & TROPE

SUSMAN GODFREY, LLP

By: ________________________
Ryan C. Kirkpatrick
Attorneys for Respondent Frank H. McCourt, Jr.

*Execution Copy*

or unable to resolve the dispute, then by binding and confidential arbitration in Los Angeles before one JAMS arbitrator.

IN WITNESS WHEREOF, Jamie and Frank have approved as to form and content and executed this Term Sheet on the dates set forth opposite her or his respective signatures.

DATED: October ___, 2011

JAMIE McCOURT

DATED: October 11, 2011

FRANK H. McCOURT, JR.

APPROVED AS TO FORM ONLY:

DATED: October ___, 2011

WASSER, COOPERMAN & CARTER, P.C.

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

BOIES SCHILLER & FLEXNER LLP

By: ______________________

David Boies
Attorneys for Petitioner Jamie McCourt

DATED: October 11, 2011

TROPE & TROPE

SUSMAN GODFREY, LLP

By: ______________________

Victoria L. Cook
Attorneys for Respondent Frank H. McCourt, Jr.

DB

FC

*Execution Copy*

**ORDER**

The parties having so agreed and good cause appearing therefore, IT IS SO ORDERED.

Dated: ________, 2011

______________________________
HON. SCOTT M. GORDON
JUDGE OF THE SUPERIOR COURT

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 808 Wilshire Boulevard, 3rd Floor, Santa Monica, California 90401

On November 3, 2011, I served the following document(s) **BINDING TERM SHEET** on the interested parties in this action as follows:

Sorrell Trope, Esq.
Mark S. Patt, Esq.
James Durant, Esq.
Anne C. Kiley, Esq.
TROPE AND TROPE
12121 Wilshire Blvd., Suite 801
Los Angeles, CA 90025
Email: strope@tropeandtrope.com;
patt@tropeandtrope.com;
durant@tropeandtrope.com;
kiley@tropeandtrope.com;

Stephen D. Susman, Esq.
Marc M. Seltzer, Esq.
Ryan Kirkpatrick, Esq.
SUSMAN GODFREY, LLP
1901 Avenue of the Stars, Ste. 950
Los Angeles, CA 90067-6029
Email: ssusman@susmangodfrey.com
mseltzer@susmangodfrey.com
rkirkpatrick@susmangodfrey.com
achandler@susmangodfrey.com

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above or on the attached Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Kinsella Weitzman Iser Kump & Aldisert's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address choffman@kwikalaw.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, receive any electronic message or other indication that the transmission was unsuccessful. The above document(s) shall be deemed as personally served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 3, 2011, at Santa Monica, California.

______________________________
Candace E. Hoffman