# Exhibit F

FL-300

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
BERTRAM FIELDS (SBN 024199); CAROLINE S. HEINDEL (SBN 190967)
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars; Suite 2100
Los Angeles, CA 90067
TELEPHONE NO.: 310/553-3610 FAX NO. (Optional): 310/553-0687
E-MAIL ADDRESS (Optional): bfields@ggfirm.com; cheindel@ggfirm.com
ATTORNEY FOR (Name): Petitioner Jamie McCourt

FOR COURT USE ONLY

ORIGINAL FILED
DEC 07 2012
LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL

PETITIONER/PLAINTIFF: JAMIE McCOURT
RESPONDENT/DEFENDANT: FRANK H. McCOURT, JR.
OTHER PARENT/PARTY:

**REQUEST FOR ORDER** ☐ **MODIFICATION** ☐ **Temporary Emergency Court Order**
☐ **Child Custody** ☐ **Visitation**
☐ **Child Support** ☐ **Spousal Support** ☒ **Other** *(specify)*: to Compel Further Responses to Thirteenth Request for Production of Documents and Production of Documents
☐ **Attorney Fees and Costs**

CASE NUMBER:
**BD 514309**

1. TO *(name)*: Respondent Frank McCourt
2. A hearing on this *Request for Order* will be held as follows: **If child custody or visitation is an issue in this proceeding, Family Code section 3170 requires mediation before or at the same time as the hearing *(see item 7.)***

| a. Date: JAN 09 2013 | Time: **8:30 a.m.** | ☒ Dept.: **2** | ☐ Room.: |
|---|---|---|---|

   b. Address of court ☒ same as noted above ☐ other *(specify)*:
3. Attachments to be served with this *Request for Order:*
   a. A **blank** *Responsive Declaration* (form FL-320)
   b. ☐ Completed *Income and Expense Declaration* (form FL-150) and a **blank** *Income and Expense Declaration*
   c. ☐ Completed *Financial Statement (Simplified)* (form FL-155) and a **blank** *Financial Statement (Simplified)*
   d. ☒ Points and authorities
   e. ☒ Other *(specify)*: **Separate Statement of Items in Dispute; Decl. of Caroline S. Heindel; Decl. of Bertram Fields**

Date: December 7, 2012

Caroline S. Heindel ▶ [signature]
(TYPE OR PRINT NAME) (SIGNATURE)

☐ **COURT ORDER**

4. ☐ YOU ARE ORDERED TO APPEAR IN COURT AT THE DATE AND TIME LISTED IN ITEM 2 TO GIVE ANY LEGAL REASON WHY THE ORDERS REQUESTED SHOULD NOT BE GRANTED.
5. ☐ Time for ☐ service ☐ hearing is shortened. Service must be on or before *(date)*:
6. Any responsive declaration must be served on or before *(date)*:
7. The parties are ordered to attend mandatory custody services as follows:
8. ☐ You are ordered to comply with the *Temporary Emergency Court Orders* (form FL-305) attached.
9. ☐ Other *(specify)*:

Date: DEC 07 2012

SCOTT M. GORDON
JUDICIAL OFFICER

**To the person who received this *Request for Order:* If you wish to respond to this *Request for Order,* you must file a *Responsive Declaration to Request for Order* (form FL-320) and serve a copy on the other parties at least nine court days before the hearing date unless the court has ordered a shorter period of time. You do not have to pay a filing fee to file the *Responsive Declaration to Request for Order* (form FL-320) or any other declaration including an *Income and Expense Declaration (form FL-150) or Financial Statement (Simplified)* (form FL-155).**



Form Adopted for Mandatory Use
Judicial Council of California
FL-300 [Rev. July 1, 2012]

**REQUEST FOR ORDER**

Family Code, §§ 2045, 2107, 6224, 6226, 6320-6326, 6380-6383
Government Code, § 26826
www.courts.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

FL-300

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*):
BERTRAM FIELDS (SBN 024199); CAROLINE S. HEINDEL (SBN 190967)
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars; Suite 2100
Los Angeles, CA 90067
TELEPHONE NO.: 310/553-3610 FAX NO. (*Optional*): 310/553-0687
E-MAIL ADDRESS (*Optional*): bfields@ggfirm.com; cheindel@ggfirm.com
ATTORNEY FOR (*Name*): Petitioner Jamie McCourt

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL

PETITIONER/PLAINTIFF: JAMIE McCOURT
RESPONDENT/DEFENDANT: FRANK H. McCOURT, JR.
OTHER PARENT/PARTY:

**REQUEST FOR ORDER**
☐ **Child Custody**
☐ **Child Support**
☐ **Attorney Fees and Costs**
☐ **MODIFICATION**
☐ **Visitation**
☐ **Spousal Support**
☐ **Temporary Emergency Court Order**
☒ **Other (*specify*):** to Compel Further Responses to Thirteenth Request for Production of Documents and Production of Documents

CASE NUMBER:
**BD 514309**

1. TO (*name*): Respondent Frank McCourt
2. A hearing on this *Request for Order* will be held as follows: **If child custody or visitation is an issue in this proceeding, Family Code section 3170 requires mediation before or at the same time as the hearing (*see item 7.*)**

| a. Date: | Time: **8:30 a.m.** | ☒ **Dept.: 2** | ☐ Room.: |
|---|---|---|---|

b. Address of court ☒ same as noted above ☐ other (*specify*):

3. Attachments to be served with this *Request for Order:*
   a. A **blank** *Responsive Declaration* (form FL-320)
   b. ☐ Completed *Income and Expense Declaration* (form FL-150) and a **blank** *Income and Expense Declaration*
   c. ☐ Completed *Financial Statement (Simplified)* (form FL-155) and a **blank** *Financial Statement (Simplified)*
   d. ☒ Points and authorities
   e. ☒ Other (*specify*): **Separate Statement of Items in Dispute; Decl. of Caroline S. Heindel; Decl. of Bertram Fields**

Date: December 7, 2012

Caroline S. Heindel
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE)

☐ **COURT ORDER**

4. ☐ YOU ARE ORDERED TO APPEAR IN COURT AT THE DATE AND TIME LISTED IN ITEM 2 TO GIVE ANY LEGAL REASON WHY THE ORDERS REQUESTED SHOULD NOT BE GRANTED.
5. ☐ Time for ☐ service ☐ hearing is shortened. Service must be on or before (*date*):
6. Any responsive declaration must be served on or before (*date*):
7. The parties are ordered to attend mandatory custody services as follows:

8. ☐ You are ordered to comply with the *Temporary Emergency Court Orders* (form FL-305) attached.
9. ☐ Other (*specify*):

Date:

JUDICIAL OFFICER

**To the person who received this *Request for Order:* If you wish to respond to this *Request for Order,* you must file a *Responsive Declaration to Request for Order* (form FL-320) and serve a copy on the other parties at least nine court days before the hearing date unless the court has ordered a shorter period of time. You do not have to pay a filing fee to file the *Responsive Declaration to Request for Order* (form FL-320) or any other declaration including an *Income and Expense Declaration (form FL-150) or Financial Statement (Simplified)* (form FL-155).**





American LegalNet, Inc.
www.FormsWorkFlow.com

FL-300

| PETITIONER/PLAINTIFF: JAMIE McCOURT<br>RESPONDENT/DEFENDANT: FRANK H. McCOURT, JR.<br>OTHER PARENT/PARTY: | CASE NUMBER:<br>**BD 514309** |
|---|---|

## REQUEST FOR ORDER AND SUPPORTING DECLARATION

☒ **Petitioner** ☐ **Respondent** ☐ **Other Parent/Party** **requests the following orders:**

1. ☐ CHILD CUSTODY ☐ **To be ordered pending the hearing**
   a. Child's name and age
   b. Legal custody to (name of person who makes decisions about health, education, etc.)
   c. Physical custody to (name of person with whom child will live)

   d. ☐ As requested in form
      ☐ *Child Custody and Visitation Application Attachment* (form FL-311)
      ☐ *Request for Child Abduction Prevention Orders* (form FL-312)
      ☐ *Children's Holiday Schedule Attachment* (form FL-341(C))
      ☐ *Additional Provisions—Physical Custody Attachment* (form FL-341(D))
      ☐ *Joint Legal Custody Attachment* (form FL-341(E))
      ☐ Other (Attachment 1d)

   e. ☐ Modify existing order
      (1) filed on *(date):*
      (2) ordering *(specify):*

2. ☐ CHILD VISITATION *(PARENTING TIME)* ☐ **To be ordered pending the hearing**
   a. As requested in: (1) ☐ Attachment 2a (2) ☐ *Child Custody and Visitation Application Attachment* (form FL-311)
      (3) ☐ Other *(specify):*
   b. ☐ Modify existing order
      (1) filed on *(date):*
      (2) ordering *(specify):*

   c. ☐ One or more domestic violence restraining/protective orders are now in effect. *(Attach a copy of the orders if you have one.)* The orders are from the following court or courts *(specify county and state):*
      (1) ☐ Criminal: County/state:
      Case No. *(if known):*
      (2) ☐ Family: County/state:
      Case No. *(if known):*
      (3) ☐ Juvenile: County/state:
      Case No. *(if known):*
      (4) ☐ Other: County/state:
      Case No. *(if known):*

3. ☐ CHILD SUPPORT *(An earnings assignment order may be issued.)*
   a. Child's name and age
   b. ☐ I request support based on the child support guidelines
   c. Monthly amount requested (if not by guideline)
   $

   d. ☐ Modify existing order
      (1) filed on *(date):*
      (2) ordering *(specify):*

**Notice: The court is required to order child support based on the income of both parents. It normally continues until the child is 18. You must supply the court with information about your finances by filing an *Income and Expense Declaration* (form FL-150) or a *Financial Statement (Simplified)* (form FL-155). Otherwise, the child support order will be based on information about your income that the court receives from other sources, including the other parent.**


American LegalNet, Inc.
www.FormsWorkFlow.com

FL-300

| PETITIONER/PLAINTIFF: JAMIE McCOURT<br>RESPONDENT/DEFENDANT: FRANK H. McCOURT, JR.<br>OTHER PARENT/PARTY: | CASE NUMBER:<br>**BD 514309** |
|---|---|

4. ☐ SPOUSAL OR PARTNER SUPPORT *(An earnings assignment order may be issued.)*
   a. ☐ Amount requested *(monthly)*: $
   b. ☐ Terminate existing order
      (1) filed on *(date)*:
      (2) ordering *(specify)*:
   c. ☐ Modify existing order
      (1) filed on *(date)*:
      (2) ordering *(specify)*:
   d. ☐ The *Spousal or Partner Support Declaration Attachment* (form FL-157) is attached *(for modification of spousal or partner support after judgment only)*
   e. An *Income and* Expense *Declaration* (form FL-150) must be attached

5. ☐ ATTORNEY FEES AND COSTS are requested on *Request for Attorney Fees and Costs Order Attachment* (form FL-319) or a declaration that addresses the factors covered in that form. An *Income and Expense Declaration* (form FL-150) must be attached. A *Supporting Declaration for Attorney Fees and Costs Order Attachment* (form FL-158) or a declaration that addresses the factors covered in that form must also be attached.

6. ☐ PROPERTY RESTRAINT ☐ **To be ordered pending the hearing**
   a. The ☐ petitioner ☐ respondent ☐ claimant is restrained from transferring, encumbering, hypothecating, concealing, or in any way disposing of any property, real or personal, whether community, quasi-community, or separate, except in the usual course of business or for the necessities of life.
      ☐ The applicant will be notified at least five business days before any proposed extraordinary expenditures, and an accounting of such will be made to the court.
   b. ☐ Both parties are restrained and enjoined from cashing, borrowing against, canceling, transferring, disposing of, or changing the beneficiaries of any insurance or other coverage, including life, health, automobile, and disability, held for the benefit of the parties or their minor children.
   c. ☐ Neither party may incur any debts or liabilities for which the other may be held responsible, other than in the ordinary course of business or for the necessities of life.

7. ☐ PROPERTY CONTROL ☐ **To be ordered pending the hearing**
   a. ☐ The petitioner ☐ respondent is given the exclusive temporary use, possession, and control of the following property that we own or are buying *(specify)*:

   b. ☐ The petitioner ☐ respondent is ordered to make the following payments on liens and encumbrances coming due while the order is in effect:

| Debt | Amount of payment | Pay to |
|---|---|---|

8. ☒ OTHER RELIEF *(specify)*: Order to compel further responses to Thirteenth Request for Production of Documents to Respondent Frank McCourt and production of documents.

**NOTE: To obtain domestic violence restraining orders, you must use the forms *Request for Order (Domestic Violence Prevention)* (form DV-100), *Temporary Restraining Order (Domestic Violence)* (form DV-110), and *Notice of Court Hearing (Domestic Violence)* (form DV-109).**


American LegalNet, Inc.
www.FormsWorkFlow.com

FL-300

| PETITIONER/PLAINTIFF: JAMIE McCOURT<br>RESPONDENT/DEFENDANT: FRANK H. McCOURT, JR.<br>OTHER PARENT/PARTY: | CASE NUMBER:<br>**BD 514309** |
|---|---|

9. ☐ **I request** that time for service of the *Request for Order* and accompanying papers be shortened so that these documents may be served no less than *(specify number)*: days before the time set for the hearing. I need to have this order shortening time because of the facts specified in item 10 or the attached declaration.

10. ☒ FACTS IN SUPPORT of orders requested and change of circumstances for any modification are *(specify)*:
☒ Contained in the attached declaration. *(You may use* Attached Declaration *(form MC-031) for this purpose. The attached declaration must not exceed 10 pages in length unless permission to file a longer declaration has been obtained from the court.)* **Memorandum of Points and Authorities; Separate Statement of Items in Dispute; Declaration of Caroline S. Heindel; Declaration of Bertram Fields.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 7, 2012

Caroline S. Heindel
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF APPLICANT)

**Requests for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the proceeding. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civil Code, § 54.8.)



American LegalNet, Inc. www.FormsWorkFlow.com

BERTRAM FIELDS (SBN 024199)
BFields@ggfirm.com
CAROLINE S. HEINDEL (SBN 190967)
CHeindel@ggfirm.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Petitioner
Jamie McCourt

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Marriage of<br><br>JAMIE McCOURT,<br><br>Petitioner,<br><br>v.<br><br>FRANK H. McCOURT, JR.<br><br>Respondent. | **Case No. BD 514309**<br><br>[Assigned To: Hon. Scott M. Gordon - Dept. 2<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR ORDER COMPELLING FURTHER RESPONSE TO THE THIRTEENTH REQUEST FOR PRODUCTION TO FRANK MCCOURT AND FOR PRODUCTION OF DOCUMENTS; DECLARATION OF CAROLINE S. HEINDEL; DECLARATION OF BERTRAM FIELDS**<br><br>[Code Civ. Proc. § 2031.310(c)] |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Respondent Frank McCourt ("Frank") represented under penalty of perjury that the family assets were worth less than $300 million and, shortly thereafter, he sold only part of those assets, through the efforts of Peter Cohen and Blackstone Advisory Partners, L.P. ("Blackstone"), for over $2 billion. Mr. Cohen has stated publicly that the price of over $2 billion was no more than he anticipated "from day one" when he started on this project. Petitioner Jamie McCourt ("Jamie") has moved to set aside the Judgment and Marital Settlement Agreement ("Motion to Set Aside") based on Frank's fraud, breach of fiduciary duty and other statutory grounds.

Frank objected to the entirety of Jamie's requests for production of documents. The requests are highly probative of a key issue related to her Motion to Set Aside – namely, Frank's knowledge of the market value of the Dodger Assets and, because of that value, the price the bidding would bring at the times Frank made representations to Jamie of far lower values. Frank's objections to the requests are unfounded. This Court has already determined that discovery in this action is not barred by the parties' October 11, 2011 Marital Settlement Agreement ("MSA") or the January 19, 2012 Stipulated Judgment. Moreover, the mediation privilege does not bar production of the documents sought here. Nor do the invocation of attorney-client privilege and/or the attorney work product doctrine relieve Frank of his duty to produce responsive documents. Frank should be compelled to produce all non-privileged responsive documents without delay.

Frank's refusal to produce documents essential to Jamie's proof of her case is coordinated with the refusal of Blackstone, Frank's representative and advisor on sale of the assets, to produce documents. Although duly served with a subpoena duces tecum, Blackstone has refused to produce any documents at all and has not produced Peter Cohen, Frank's primary advisor, for his deposition which, since he is a New York resident, will be his testimony at the evidentiary hearing.

## II. STATEMENT OF RELEVANT FACTS

Jamie filed the Motion to Set Aside on September 24, 2012. On September 25, she personally served Frank with a Thirteenth Set of Requests for Production of Documents ("Thirteenth Request"). On October 4, Jamie filed a Motion for Leave to Take Second Deposition of Frank McCourt ("Motion for Leave"). On October 9, Frank filed a Motion for Protective Order, seeking to prohibit Jamie from taking any discovery in connection with the Motion to Set Aside.

On October 25, Frank served his response to the Thirteenth Request. Frank objected to each of Jamie's eleven requests and refused to search for or produce any responsive documents. Frank did, however, state that he would meet and confer with Jamie regarding the Thirteenth Request if his Motion for Protective Order was denied. On October 31, a hearing was held on Jamie's Motion for Leave and Frank's Motion for Protective Order. Frank's request to prohibit any discovery in this action was denied. The Court permitted Jamie to take an additional half-day deposition of Frank, including questioning him about the date and nature of information provided Frank by Blackstone and Guggenheim with respect to proposals or bids. (Declaration of Caroline S. Heindel ("Heindel Decl."), ¶ 3, Ex. A.)

Thereafter, Jamie's counsel conferred with Frank's counsel regarding the Thirteenth Request without success in resolving the issues. Although Frank produced copies of three offers made for the Dodger Assets prior to January 19, 2012 (and before the auction started) and excerpts from Frank's calendar related to Blackstone, he has steadfastly refused to produce any additional documents. (Declaration of Betram Fields ("Fields Decl."), at ¶¶ 2-5.) Moreover, he has not supplemented his written responses. (Heindel Decl., at ¶ 2.) For example, counsel for Blackstone has indicated that it prepared and sent to Frank a written report on the market value of the Dodger Assets. Frank has refused to produce it and Frank has testified that he had written communications with Blackstone that he has refused to produce and oral communications to which he refused to testify.

Frank essentially makes the same four objections to all eleven requests. First, Frank objects that the document requests are overbroad because they seek documents that are not

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

relevant to Jamie's Motion to Set Aside. Second, Frank objects that the document requests seek documents protected by various privileges, including without limitation, the mediation privilege, the attorney-client privilege, and/or the attorney work-product doctrine. Third, Frank objects that the document requests seek documents protected by "various orders of the bankruptcy court." Finally, Frank objects that Jamie seeks discovery in violation of the express terms of MSA.

## III. Frank Should Be Compelled to Produce Responsive Documents Because the Documents Sought Are Directly Relevant to Jamie's Motion to Set Aside and Frank's Objections Are Not Well Taken.

Under the California Civil Discovery Act, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved, if the matter is either itself admissible in evidence, or appears reasonably calculated to lead to the discovery of admissible evidence. Code Civ. Proc. § 2017.010. Both the "relevant to the subject matter involved" and the "reasonably calculated to lead to the discovery of admissible evidence" prongs of this test have been liberally construed by the courts. Norton v. Superior Court, 24 Cal.App.4th 1750, 1759-61 (1994). Generally, any doubt as to discoverability is to be resolved in favor of permitting discovery. Colonial Life & Acc. Ins. Co. v. Superior Court, 31 Cal.3d 785, 790 (1982). Under Code of Civil Procedure §2031.310(c), a demanding party may move for further responses to a demand for production when "[a]n objection in the response is without merit."

Despite the direct relevance of the information sought to Jamie's Motion to Set Aside, Frank has objected to each and every one of Jamie's requests for production and refused to produce responsive documents. For the reasons stated below, each and every one of his objections lack merit.

### A. The Thirteenth Request Seeks Documents Directly Relevant to the Motion to Set Aside.

Among the grounds for Jamie's Motion to Set Aside are that Frank misrepresented the value of the Dodger Assets to her and the Court and failed to disclose the true value and the sales opportunity available to him. Thus, the key facts at issue are (1) what Frank knew about the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

market value of the Dodger Assets and the price the bidding would bring on their sale and (2) when he knew it.

The Thirteenth Request contains requests for eleven categories of documents narrowly-tailored to elicit this information. Specifically, the Thirteenth Request seeks documents related to the substance and timing of Frank's knowledge of the market value of the Dodger Assets and the price he would receive on sale of those assets, including: (1) agreements and communications between Frank and Blackstone; (2) agreements and communications between Frank and Guggenheim, the purchaser of the Dodger Assets; (3) communications with Major League Baseball ("MLB"); (4) documents filed in the Dodgers' bankruptcy action; (5) documents and communications with other parties related to valuation; and (6) documents evidencing Frank's telephone communications during the relevant period.

Accordingly, the documents sought are clearly "relevant to the subject matter involved."

B. **<u>Frank's Claims of Privilege Are Without Merit.</u>**

Frank's claim that documents responsive to the Thirteenth Request may be protected by the mediation privilege is patently unavailing. This is true for a number of reasons. Contrary to Frank's agreement, Blackstone was <u>not</u> engaged to help with mediation. It was engaged to assist and advise in selling the assets and, specifically, to evaluate those assets. Blackstone's written contract makes that clear. So do the application for approval of that contract and Blackstone's supporting declaration. All three documents specify Blackstone's duties. They expressly include valuation of the business and assets. They say nothing about mediation.

Moreover, the October 3, 2011 Order Appointing Mediator issued by the United States Bankruptcy Court for the District of Delaware does not even purport to shield all documents submitted in the mediation from discovery and certainly not documents that were not submitted in the mediation. In fact, the order specifically recognizes that a document otherwise admissible or discoverable "shall not be rendered inadmissible or nondiscoverable as a result of its use in the mediation." (Heindel Decl., ¶ 4, Ex. B ¶5.) This comports with the local rules for that District. (Heindel Decl, ¶ 4, Ex. C, Rule 9019-5(d)(iii).)

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

In addition, the communications in issue were not even submitted in the mediation. Where the privilege applies, it covers disclosures made in mediation to the other side or to the mediator. It does not cover written or oral communications between a party and its own agents or non-attorney advisors that are not submitted to the other side or the mediator in the mediation.

And, even if the privilege applied (and it clearly does not), it would be the privilege of the disclosing party, in this case Frank and his companies. Contrary to what Frank has argued, his own disclosure or that of his companies or their agents and advisors of their own communications would not, and could not, be a violation of the Court's order.

If a party makes a statement, or provides a document, to the other side or the mediator during a mediation session, neither the privilege nor such an order precludes that party from using or disclosing his own statement or using that document outside of the mediation. At most, it prevents the other parties to the mediation from using the statement or document against the disclosing party.

And, the fact that certain documents responsive to the Thirteenth Request may be protected by the attorney-client privilege or the attorney work product doctrine does not excuse Frank's failure to produce any responsive documents, regardless of whether they are protected or not. The proper course is to specifically identify the documents protected by the privilege, exclude only those documents from the production, and produce all non-privileged, responsive documents plus a privilege log. See Code Civ. Proc. §2031.240(a),(b)(1). Frank has not met those requirements here.

Thus, Frank's privilege claims do not excuse his wholesale failure to produce responsive documents.

### C. **There Is No Support For Frank's Claim That "Various Bankruptcy Court Orders" Prohibit Production of Any or All Documents Responsive to the Thirteenth Request.**

The only Bankruptcy Court order about which Frank has made Jamie aware is the Order Appointing Mediator. As discussed above, that order does not bar the discovery Jamie seeks here. In fact, it specifically recognizes that documents used in the mediation are not shielded

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

from discovery merely for that reason. Moreover, in violation of the Discovery Act, Frank has not identified with particularity any documents purportedly objectionable on this ground. See Code Civ. Proc. § 2031.240(b),(1).

D. **This Court Has Already Determined That Discovery Relevant To The Motion To Set Aside Is Not Barred By the MSA Or The Judgment.**

This Court has already ruled that the language of the MSA and the Stipulated Judgment do not bar discovery on Jamie's post-Judgment motion. The Court also ordered Frank to appear for an additional deposition.

## IV. THIS COURT'S DISCOVERY ORDER ALSO DOES NOT JUSTIFY FRANK'S REFUSAL TO PRODUCE.

At his deposition, Frank added an argument not raised in his response to the Thirteenth Request that this Court's discovery order limited Jamie's discovery to presale bids actually submitted for the Dodger Assets and prohibited discovery of any information given to Frank about the price the bids would bring for those assets or the market value of those assets, which would determine the price. This, despite the fact that one of Jamie's principal grounds for her motion to set aside is Frank's misrepresentation of the value of the assets and his failure to disclose the true value and the price he expected to receive for them.

We do not believe the Court intended to foreclose inquiry into such critical issues as what Frank knew about the price the bidding would bring on sale of the assets – clearly information concerning a sale opportunity available to Frank.

Frank's narrow construction of the Court's order would preclude discovery on the very essence of Jamie's case – what Frank knew about his sale opportunity. We do not believe the Court intended such a draconian restriction of her discovery rights.

## V. CONCLUSION

Based on the facts that the Thirteenth Request seeks documents directly relevant to Jamie's Motion to Set Aside and Frank's objections to production all lack merit, Jamie respectfully requests that the Court issue an order compelling Frank to provide further responses

and produce all non-privileged documents responsive to the Thirteenth Request without delay and to specifically identify any documents withheld on the basis of privilege.

DATED: December 7, 2012

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: [signature]
BERTRAM FIELDS
CAROLINE S. HEINDEL
Attorneys for Petitioner Jamie McCourt

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590