# Exhibit H

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NO FILE

| | | | | |
|---|---|---|---|---|
| Date | 02-05-13 | | | Dept: Dept. CE 2 [CE2] |
| Honorable | SCOTT M. GORDON | Judge | M. ARNOLD | Deputy Clerk |
| Honorable | | Judge Pro Tem | D. CANADA | Court Assistant |
| 24 | B. BUKA | Deputy Sheriff | NOT REPORTED | Reporter |

2:30 pm

BD514309

Jamie Mc Court (N/A)
VS.
Frank Mc Court (N/A)

Counsel For Petitioner:

Counsel For Respondent:

NO APPEARANCES

**Nature of Proceedings: COURT'S RULING ON SUBMITTED MATTERS (TAKEN UNDER SUBMISSION ON JANUARY 23, 2013)**

**Petitioner's Request to Clarify or Modify Discovery Order**

In Petitioner's Request to Clarify or Modify Discovery Order, the Petitioner requests that the court clarify or modify its discovery order to permit discovery as to information Respondent had, on or before January 19, 2012. The Petitioner requests that the January 19, 2012 Order be expanded to include information regarding the market value of the Dodger Assets and the price the bids would produce for those assets, factors that establish and define the "sales opportunities" available to Respondent, and also to permit discovery as to the source and validity of the values shown in what the parties describe as the RSN document.



DEPT: Dept. CE 2 [CE2]

MINUTES ENTERED
02-05-13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NO FILE

| | | | | |
|---|---|---|---|---|
| Date | 02-05-13 | | | Dept: Dept. CE 2 [CE2] |
| Honorable | SCOTT M. GORDON | Judge | M. ARNOLD | Deputy Clerk |
| Honorable | | Judge Pro Tem | D. CANADA | Court Assistant |
| 24 | B. BUKA | Deputy Sheriff | NOT REPORTED | Reporter |

| | | |
|---|---|---|
| 2:30 pm | BD514309<br>Jamie Mc Court (N/A)<br>VS.<br>Frank Mc Court (N/A) | Counsel For Petitioner:<br><br>Counsel For Respondent:<br>NO APPEARANCES |

The Petitioner argues that court's prior order as to the scope of discovery was that it could include information concerning "the date and nature of disclosure of sales opportunities by the Blackstone Group to the Respondent." The Petitioner argues that there is no indication that the court intended to limit Petitioner's discovery to a description of bids that were actually received, as opposed to information about bids that were anticipated or predicted or the price they would bring. The amount of the anticipated bids and the price those bids would produce for Respondent clearly reflected Respondent's "sales opportunities."

The Petitioner argues that at Respondent's deposition on December 6, 2012, citing to the court's discovery order, Respondent refused to answer any questions related to information he received from Blackstone or Guggenheim with respect to the monetary amounts of the bids Respondent would obtain for the Dodger Assets, the market value of those assets, or the price the bids would bring to Respondent.



| | |
|---|---|
| DEPT: Dept. CE 2 [CE2] | MINUTES ENTERED 02-05-13 COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NO FILE

| | | | | | |
|---|---|---|---|---|---|
| Date | 02-05-13 | | | Dept: | Dept. CE 2 [CE2] |
| Honorable | SCOTT M. GORDON | Judge | M. ARNOLD | | Deputy Clerk |
| Honorable | | Judge Pro Tem | D. CANADA | | Court Assistant |
| 24 | B. BUKA | Deputy Sheriff | NOT REPORTED | | Reporter |

| | | |
|---|---|---|
| 2:30 pm | BD514309<br>Jamie Mc Court (N/A)<br>VS.<br>Frank Mc Court (N/A) | Counsel For Petitioner:<br><br>Counsel For Respondent:<br>NO APPEARANCES |

The Respondent argues that the instant request by the Petitioner is actually a motion for reconsideration without the showing required by Code of Civil Procedure 1008, that the instant discovery requests violate the stipulated judgment and that further, the court decided to allow limited discovery on two narrow subjects, concerning the disclosure of the RSN document and any bids Respondent received for the Dodger Assets prior to entering into the stipulated judgment and that the Respondent has responded to those requests for discovery.

The parties also bring several issues regarding the Orders Re Discovery filed on November 29, 2012 regarding the hearing held on October 31, 2012.

Petitioner's counsel indicates that he prepared a proposed order based on the court's order made during the October 31, 2012 hearing about information concerning "sales opportunities" and forwarded that order to Respondent's counsel. Respondent's counsel



| | |
|---|---|
| DEPT: Dept. CE 2 [CE2] | MINUTES ENTERED 02-05-13 COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NO FILE

| | | | | |
|---|---|---|---|---|
| Date | 02-05-13 | | | Dept: Dept. CE 2 [CE2] |
| Honorable | SCOTT M. GORDON | Judge | M. ARNOLD | Deputy Clerk |
| Honorable | | Judge Pro Tem | D. CANADA | Court Assistant |
| 24 | B. BUKA | Deputy Sheriff | NOT REPORTED | Reporter |

2:30 pm BD514309

Jamie Mc Court (N/A)
VS.
Frank Mc Court (N/A)

Counsel For Petitioner:

Counsel For Respondent:
NO APPEARANCES

changed the wording to refer to information with respect to "formal or informal offers, bids, or purchase proposals," signed the proposed order, and returned it to declarant. Declarant incorrectly assumed that the proposed order he received was the proposed order he had prepared and transmitted to Respondents' counsel. Therefore, he signed and submitted it to the court. Only later did he compare the original and changed proposed orders and discovered the changed language. The Respondent argues that the discovery order is consistent with the court's ruling.

Respondent argues that Petitioner's counsel circulated a draft proposed discovery order. On November 2, 2012 Respondent's counsel declarant sent revisions to Petitioner's counsel with a cover letter and blackline showing the proposed changes.

On November 7, 2012, Respondent's counsel met and conferred in person with Petitioner's counsel for about an hour, wherein they discussed, among other things, the form of the



DEPT: Dept. CE 2 [CE2]

MINUTES ENTERED 02-05-13 COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NO FILE

| | | | | |
|---|---|---|---|---|
| Date | 02-05-13 | | | Dept: Dept. CE 2 [CE2] |
| Honorable | SCOTT M. GORDON | Judge | M. ARNOLD | Deputy Clerk |
| Honorable | | Judge Pro Tem | D. CANADA | Court Assistant |
| 24 | B. BUKA | Deputy Sheriff | NOT REPORTED | Reporter |

2:30 pm BD514309

Jamie Mc Court (N/A)
VS.
Frank Mc Court (N/A)

Counsel For Petitioner:

Counsel For Respondent:
NO APPEARANCES

discovery order and scope of discovery. Respondent's counsel indicates that on that same afternoon, Petitioner's counsel emailed a further revised form of the proposed discovery order. On November 8, 2012, Respondent's counsel sent Petitioner's counsel additional revisions, again accompanied by a blackline. Respondent indicates that a few hours later, Respondent's counsel and Petitioner's counsel spoke on the phone during which Petitioner's counsel told Respondent's counsel that the revisions were fine, although they didn't specifically discuss the revisions. Respondent's counsel indicates that several days later, Fields and Respondent's counsel jointly submitted this form of the discovery order to the court for entry.

The Court's order made on October 31, 2012 contained the following language:

> . . . As to the other issue, the testimony on alleged 721 and 2107 disclosure, and the court, certainly looking at Feldman and Burkell [sic], has an obligation to literally construe discovery laws there. I do find that there is adequate showing for limited discovery on that, specifically as to the date of disclosure, if any, of the RSN



| | |
|---|---|
| DEPT: Dept. CE 2 [CE2] | MINUTES ENTERED 02-05-13 COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NO FILE

| | | | | |
|---|---|---|---|---|
| Date | 02-05-13 | | | Dept: Dept. CE 2 [CE2] |
| Honorable | SCOTT M. GORDON | Judge | M. ARNOLD | Deputy Clerk |
| Honorable | | Judge Pro Tem | D. CANADA | Court Assistant |
| 24 | B. BUKA | Deputy Sheriff | NOT REPORTED | Reporter |

2:30 pm

BD514309

Jamie Mc Court (N/A)
VS.
Frank Mc Court (N/A)

Counsel For Petitioner:

Counsel For Respondent:

NO APPEARANCES

document and method of disclosure. And, secondly, the date and nature of disclosure of sale opportunities by the Blackstone Group to the Respondent.

The thrust of the Petitioner's requests made during the October 31, 2012, hearing dealt with Petitioner's contentions that the issues in the post-judgment litigation dealt with offers that the Respondent had received or knew of prior to or at the time of the settlement reached by the parties. The Court used the term "sales opportunities" to be as inclusive as possible regarding that issue. The parties engaged in significant meet and confer sessions regarding the order and prior to the Respondent's deposition and jointly submitted an order indicating the discovery would be limited to "formal or informal offers, bids or purchase proposals." This stipulated language indicates a rational and mechanical solution to the scope of the deposition. The Court accepts the parties stipulated order filed on November 29, 2012, however the Court's ruling on October 31, 2012, included the more expansive language of "sales opportunities."



DEPT: Dept. CE 2 [CE2]

MINUTES ENTERED
02-05-13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NO FILE

| | | | | |
|---|---|---|---|---|
| Date | 02-05-13 | | | Dept: Dept. CE 2 [CE2] |
| Honorable | SCOTT M. GORDON | Judge | M. ARNOLD | Deputy Clerk |
| Honorable | | Judge Pro Tem | D. CANADA | Court Assistant |
| 24 | B. BUKA | Deputy Sheriff | NOT REPORTED | Reporter |

2:30 pm

BD514309

Jamie Mc Court (N/A)
VS.
Frank Mc Court (N/A)

Counsel For Petitioner:

Counsel For Respondent:

NO APPEARANCES

Pursuant to the stipulation of the parties, the Court has reviewed the transcript of the deposition of Mr. McCourt taken by the Petitioner on December 6, 2012.

Based on the pleadings filed by the parties, the arguments made at the hearing and a review of the deposition transcript, the Court rules that the October 31, 2012, ruling does not need further clarification, that the parties have met and conferred in good faith regarding the nature of the order and have engaged in discovery consistent with that conduct.

In Request for Order filed on December 13, 2012, the Petitioner requests that the Court first; clarify the order of October 31, 2012 and in the alternative to modify the orders of October 31, 2012. The Court finds that the orders made on October 13, 2012, were acted on by the parties discussed and refined by the parties and are not in need of further clarification. The Petitioner's requests in this regard are denied.



DEPT: Dept. CE 2 [CE2]

MINUTES ENTERED
02-05-13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NO FILE

| | | | | |
|---|---|---|---|---|
| Date | 02-05-13 | | | Dept: Dept. CE 2 [CE2] |
| Honorable | SCOTT M. GORDON | Judge | M. ARNOLD | Deputy Clerk |
| Honorable | | Judge Pro Tem | D. CANADA | Court Assistant |
| 24 | B. BUKA | Deputy Sheriff | NOT REPORTED | Reporter |

2 : 30 pm

BD514309

Jamie Mc Court (N/A)
VS.
Frank Mc Court (N/A)

Counsel For Petitioner:

Counsel For Respondent:

NO APPEARANCES

Based on the pleadings filed by the parties and the arguments made with regard to the instant matter, the Petitioner's request to modify the Court's October 31, 2012 order is denied.

The Petitioner further noted that the New York court hearing related matters was unclear as to whether this court intended its ruling to apply only to discovery or also to a deposition that would be used as testimony at the evidentiary hearing. The issues the Court dealt with here were targeted and specific issues relating to discovery disputes between and related to the parties in this case. This court has not ruled or intended to rule related to discovery issues dealing with non-party witness or the limitations or orders made by any other Court. The issues related to limits of relevance of testimony at a hearing in this matter as authorized by Family Code Section 217 are not before this court at the present time and the rulings made on the instant motions are not intended to apply to any disputes the parties



DEPT: Dept. CE 2 [CE2]

MINUTES ENTERED
02-05-13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NO FILE

| | | | |
|---|---|---|---|
| Date | 02-05-13 | | Dept: Dept. CE 2 [CE2] |
| Honorable | SCOTT M. GORDON | Judge | M. ARNOLD Deputy Clerk |
| Honorable | | Judge Pro Tem | D. CANADA Court Assistant |
| 24 | B. BUKA | Deputy Sheriff | NOT REPORTED Reporter |

2:30 pm

BD514309

Jamie Mc Court (N/A)
VS.
Frank Mc Court (N/A)

Counsel For Petitioner:

Counsel For Respondent:
NO APPEARANCES

may have related to testimony or evidence presented at any hearing. As of this point a hearing pursuant to has not been requested by either party Family Code Section 217.

**Petitioner's Request to Compel Further Responses to Thirteenth Request for Production of Documents and Production of Documents**

The Petitioner requests an order compelling Respondent to serve further responses to Petitioner's thirteenth request for production of documents and produce the documents. Respondent objected to the entirety of Petitioner's production requests. The Respondent objects arguing that: 1. That the requested discovery is barred by the judgment. 2. The mediation privilege bars production of documents sought and 3. The t attorney-client privilege and/or attorney work product doctrine relieves Respondent of his obligation to produce the requested documents.



| | |
|---|---|
| DEPT: Dept. CE 2 [CE2] | MINUTES ENTERED 02-05-13 COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NO FILE

| | | | | |
|---|---|---|---|---|
| Date | 02-05-13 | | | Dept: Dept. CE 2 [CE2] |
| Honorable | SCOTT M. GORDON | Judge | M. ARNOLD | Deputy Clerk |
| Honorable | | Judge Pro Tem | D. CANADA | Court Assistant |
| 24 | B. BUKA | Deputy Sheriff | NOT REPORTED | Reporter |

2:30 pm

BD514309

Jamie Mc Court (N/A)
VS.
Frank Mc Court (N/A)

Counsel For Petitioner:

Counsel For Respondent:

NO APPEARANCES

The Court finds that Respondent has failed to show that any of the requested documents are offers, promises, conduct or statements made in the course of the mediation proceedings. The Bankruptcy Court's Order Appointment Mediator states, in pertinent part:

> The mediation proceedings are settlement negotiations, and all offers, promises, conduct and statements, whether written or oral, made in the course of the proceedings, are inadmissible in any arbitration or court proceeding, to the extent otherwise allowed by applicable state law. . . . Evidence that is otherwise admissible or discoverable shall not be rendered inadmissible or non-discoverable as a result of its use in the mediation session. Information disclosed to the Mediator in private session shall remain confidential unless the party authorizes disclosure.



DEPT: Dept. CE 2 [CE2]

MINUTES ENTERED
02-05-13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NO FILE

| | | | | | |
|---|---|---|---|---|---|
| Date | 02-05-13 | | | Dept: | Dept. CE 2 [CE2] |
| Honorable | SCOTT M. GORDON | Judge | M. ARNOLD | | Deputy Clerk |
| Honorable | | Judge Pro Tem | D. CANADA | | Court Assistant |
| 24 | B. BUKA | Deputy Sheriff | NOT REPORTED | | Reporter |

2:30 pm

BD514309

Jamie Mc Court (N/A)
VS.
Frank Mc Court (N/A)

Counsel For Petitioner:

Counsel For Respondent:

NO APPEARANCES

Therefore, unless the document is an offer, promise, conduct or statement made in the course of the mediation proceedings, it cannot be rendered non-discoverable as a result of its use in the mediation session.

In his declaration, Mr. Kirkpatrick states:

> 3. On July 11, Blackstone Advisory Partners L.P. ("Blackstone") was engaged by the Dodgers to provide certain advisory services in connection with its bankruptcy proceedings and the Bankruptcy Court-ordered mediation with Major League Baseball ("MLB"). Attached hereto as Exhibit B is a true and correct copy of Blackstone's engagement letter. . . .
>
> 4. Blackstone was never engaged by Frank personally . . . .
>
> 6. [sic] Many of the documents Jamie seeks to compel were generated at the direction of counsel for the Dodgers specifically for use in the Dodgers' court-brokered mediation with MLB. These documents were used in connection with the mediation between MLB, the Dodgers, and Frank that occurred in late October 2011. Other documents sought by Jamie's motion to compel were prepared in connection with the Dodgers' adversary proceeding and mediation with Fox, and constitute and/or reflect attorney-client communication, attorney work-product, and mediation materials. Blackstone provided expert testimony to the Dodgers in connection with that adversary proceeding, which occurred well after the execution of the Binding Term Sheet on October 11, 2011.



DEPT: Dept. CE 2 [CE2]

MINUTES ENTERED
02-05-13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NO FILE

| | | | | | |
|---|---|---|---|---|---|
| Date | 02-05-13 | | | Dept: | Dept. CE 2 [CE2] |
| Honorable | SCOTT M. GORDON | Judge | M. ARNOLD | | Deputy Clerk |
| Honorable | | Judge Pro Tem | D. CANADA | | Court Assistant |
| 24 | B. BUKA | Deputy Sheriff | NOT REPORTED | | Reporter |

2:30 pm BD514309

Jamie Mc Court (N/A)
VS.
Frank Mc Court (N/A)

Counsel For Petitioner:

Counsel For Respondent:
NO APPEARANCES

(Declaration of Ryan Kirkpatrick at 1:14-2:8 (emphasis added).)

Although Mr. Kirkpatrick states that the documents were used in connection with the mediation, Respondent has submitted no evidence to show that the requested documents are offers, promises, conduct or statements that were used in the mediation session. Accordingly, Respondent's objection based on mediation privilege is overruled.

Respondent has not shown or even alleged that all of the requested documents are protected from disclosure by the attorney-client and/or work-product doctrine. Therefore, Respondent is ordered to produce all responsive documents to which he is not making that claim. In the event that Respondent does assert the privilege, In addition, Respondent is ordered to produce a privilege log with respect to those documents withheld from production on the basis of attorney-client privilege and attorney work-product doctrine.



DEPT: Dept. CE 2 [CE2]

MINUTES ENTERED
02-05-13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NO FILE

| | | | | | |
|---|---|---|---|---|---|
| Date | 02-05-13 | | | Dept: | Dept. CE 2 [CE2] |
| Honorable | SCOTT M. GORDON | Judge | M. ARNOLD | | Deputy Clerk |
| Honorable | | Judge Pro Tem | D. CANADA | | Court Assistant |
| 24 | B. BUKA | Deputy Sheriff | NOT REPORTED | | Reporter |

2:30 pm BD514309

Jamie Mc Court (N/A)
VS.
Frank Mc Court (N/A)

Counsel For Petitioner:

Counsel For Respondent:
NO APPEARANCES

(See: *Best Products, Inc. v. Superior* Court (2004) 119 Cal.App.4th 1181, 1188-1189, Code of Civil Procedure 2031.240(b)).

Pursuant to the Court's rulings and discussions by counsel, the Petitioner's Motion to Compel Respondent to Respond to Deposition Questions is moot.

Petitioner is ordered to prepare the Order After Hearing.

/////

/////

/////

/////

/////

/////

/////



| DEPT: | Dept. CE 2 [CE2] |
|---|---|

| MINUTES ENTERED |
|---|
| 02-05-13 |
| COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NO FILE

| | | | | |
|---|---|---|---|---|
| Date | 02-05-13 | | | Dept: Dept. CE 2 [CE2] |
| Honorable | SCOTT M. GORDON | Judge | M. ARNOLD | Deputy Clerk |
| Honorable | | Judge Pro Tem | D. CANADA | Court Assistant |
| 24 | B. BUKA | Deputy Sheriff | NOT REPORTED | Reporter |

2:30 pm BD514309

Jamie Mc Court (N/A)
VS.
Frank Mc Court (N/A)

Counsel For Petitioner:

Counsel For Respondent:
NO APPEARANCES

## CLERK'S CERTIFICATE OF MAILING/ NOTICE OF ENTRY OF ORDER

I, John A. Clarke, Executive Officer/Clerk of the Superior Court, do hereby certify that I am not a party to the cause herein, and that on this date I served this Minute Order upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered document in a separate sealed envelope to each address shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Date: February 5, 2013

John A. Clarke, Executive Officer/Clerk

By: ______________________________
M. Arnold, Deputy Clerk

Anne Kiley, Esq.
Trope and Trope
12121 Wilshire Blvd., Suite 801
Los Angeles, CA 90025

Bertram Fields, Esq.
Greenberg Glusker Fields Claman & Machtinger, LLP
1900 Avenue of the Stars, Suite 2100
Los Angeles, CA 90067



DEPT: Dept. CE 2 [CE2]

MINUTES ENTERED
02-05-13
COUNTY CLERK