# Exhibit J

WINSTON & STRAWN LLP

BEIJING
CHARLOTTE
CHICAGO
GENEVA
HONG KONG
HOUSTON
LONDON
LOS ANGELES

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601

+1 (312) 558-5600

FACSIMILE +1 (312) 558-5700

www.winston.com

MOSCOW
NEW YORK
NEWARK
PARIS
SAN FRANCISCO
SHANGHAI
WASHINGTON, D.C.

March 5, 2013

**DEREK J. SARAFA**
Partner
(312) 558-8084
dsarafa@winston.com

**VIA EMAIL**

Ryan C. Kirkpatrick, Esq.
McCourt Group LLC
9420 Wilshire Boulevard
Beverly Hills, CA 90212

**Re:** ***McCourt v. McCourt*, No. BD 514309 (Cal. Sup. Ct.)**

Dear Ryan:

We write on behalf of Guggenheim Baseball Management (GBM) to address two issues relating to discovery in the above-captioned case, the production of mediation materials and the production of the joint venture agreement.

**Mediation Materials**

We understand that, in connection with the above-captioned litigation, Jamie McCourt is seeking the production of certain documents that were prepared in the context of the confidential mediation between the debtor entities (now owned by GBM), Major League Baseball and eventually GBM as the prospective purchaser. We object to the disclosure of such information.

First, the production of mediation materials would violate a court order. Judge Gross ordered that "[i]nformation disclosed to the mediator in private session shall remain confidential unless the party authorizes disclosure." What that means is that any information that was disclosed by the debtor entities or GBM during the mediation cannot be disclosed without our express authorization. We decline to provide it and, thus, the production of such information would violate Judge Gross' order.

We also note that, even in the absence of such an order, the production of these materials would violate California law. *See* California Evidence Code, Section 1119 ("[n]o evidence" from a mediation may be "subject to discovery," its production may not be compelled in a civil action and noting that all communications in a mediation "shall remain confidential.").

Second, the production of such information would not be of any benefit to any of the parties in your case because its use is prohibited. Judge Gross also ordered that any "conduct and statements, whether written or oral, made in the course of the proceedings, are inadmissible in any arbitration or court proceeding." Given this order, the production of this information would be of no benefit to any of the parties to the above-captioned litigation.

**Joint Venture Agreement**

We understand that Ms. McCourt is also seeking the production of certain confidential agreements between Mr. McCourt and Guggenheim related to the sale of land surrounding the stadium, including what is generally known as the joint venture agreement. But the agreement itself imposes an obligation on Mr. McCourt "to keep confidential all matters relating to the Company or its affairs, except as otherwise required by applicable law." We are unaware of any particular law or order requiring the production of this document and, to the extent such an obligation exists, that production would have to be made in a manner that retained its confidentiality (for example, under an attorneys eyes only designation and with the strictest punishment for public disclosure). For these reasons, we object to the production of the joint venture agreement.

To the extent the agreement must be produced under applicable law, we ask for the appropriate notice so that we may file a motion to prevent the disclosure of the document and/or to set the terms under which it will be provided (including, but not limited to, sealing the courtroom in any proceeding in which it is offered into evidence)

If you have any questions, please let me know.

Sincerely,

Derek J. Sarafa

cc: Dan K. Webb, Esq.
Matthew R. Berry, Esq.

*Office of the Commissioner*
MAJOR LEAGUE BASEBALL

THOMAS J. OSTERTAG
Senior Vice President & General Counsel

March 5, 2013

Ryan C. Kirkpatrick
General Counsel
McCourt Group LLC
9420 Wilshire Boulevard
Beverly Hills, California 90212

Dear Mr. Kirkpatrick:

We understand that Jamie McCourt, in her litigation with Frank McCourt, is seeking the production of certain documents that were prepared by the Dodgers' bankruptcy counsel and Blackstone for use in the confidential mediation between the Los Angeles Dodgers and Major League Baseball that was part of the Dodgers' 2011 bankruptcy. As you know, Judge Gross appointed Judge Farnan as the mediator effective July 5, 2011. In Judge Gross's order appointing the mediator, the court declared that any "conduct and statements, whether written or oral, made in the course of the proceedings, are inadmissible in any arbitration or court proceeding[.]" Judge Gross's order further states that "[i]nformation disclosed to the Mediator in private session shall remain confidential unless the party authorizes disclosure." Major League Baseball does not authorize the disclosure of any statements or communications made in the course of the confidential mediation, including any documents that were used by the Dodgers' bankruptcy counsel and Blackstone in the mediation.

Sincerely yours,

Thomas J. Ostertag

TJO/*mw*
cc: Chris Brumm